## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | |
|---|---|
| CHARLES SPANSEL and JANET SPANSEL<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, et al.,<br><br>Defendants. | No.: 1:08-CV-1516-LG-RHW |

## STATE FARM FIRE AND CASUALTY COMPANY'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

1.  State Farm Fire and Casualty Company ("State Farm"), pursuant to Federal Rule of Civil Procedure 56, respectfully moves the Court for partial summary judgment pursuant to Fed. R. Civ. P. 56 as to Plaintiffs' claims under the Mississippi Valued Policy Statute and claims for gross negligence and malice (Count 1), breach of fiduciary duty (Count 3), bad faith refusal to pay (Count 5), intentional and/or negligent infliction of emotional distress (Count 6), fraudulent misrepresentation and/or omission (Count 7), negligence misrepresentation and/or omission (Count 8), estoppel and detrimental reliance (Count 9), action for declaratory relief (Count 11), declaration of insurance coverage (Count 12), indemnity and unjust enrichment (Count 13), reformation (Count 14), specific performance (Count 15), and punitive damages (Count 16). *See, e.g.*, Compl. ¶¶ 34-35, 41-42, 49-53, 63-89, 93-98, 105-44. State Farm further moves for an Order that, as a matter of law, Plaintiffs cannot recover replacement cost payments for their dwelling under their homeowners policy. *See id.* ¶ 144(a), (n)-(o). State Farm is entitled to summary judgment on these claims for the following reasons, as set forth more fully in the accompanying Memorandum of Law, incorporated herein by reference.

2.  Plaintiffs' claim for punitive damages should be dismissed because Plaintiffs cannot meet their heavy burden of proof: Plaintiffs cannot demonstrate by clear and convincing evidence that State

Farm had no arguable or legitimate basis for adjusting their claim nor can Plaintiffs show any malice or gross negligence in reckless disregard for Plaintiffs' rights.

3. Plaintiffs' inability to show that State Farm had no arguable basis for adjusting their claim also bars Plaintiffs' claims for extra-contractual damages, including emotional distress.

4. Plaintiffs cannot recover any attorney fees because absent an award of punitive damages, Mississippi law does not permit an award of attorneys fees or trial expenses as extra-contractual damages.

5. Plaintiffs' claims for declaratory relief regarding the legal construction of their homeowners policy fails as a matter of law. The Fifth Circuit has considered and rejected each of the erroneous constructions Plaintiffs' advance for the policy language in State Farm's homeowners policy. This Court should do the same.

6. Plaintiffs' misrepresentation-based claims are legally untenable. Plaintiffs' alleged belief that the homeowners policy covers "any and all hurricane damage" has been judicially determined by the Fifth Circuit to be objectively unreasonable in light of clear and unambiguous policy language excluding flood damage. Therefore, when purchasing the homeowners policy, Plaintiffs could not have reasonably relied on any alleged misrepresentations regarding the scope of insurance coverage that were contrary to the policy. Nor can Plaintiffs show that they detrimentally relied on any alleged misrepresentations during the adjustment of their homeowners claim because they have filed this lawsuit to challenge Stat Farm's adjustment of their homeowners claim.

7. State Farm is entitled to an Order that, as a matter of law, Plaintiffs cannot obtain replacement cost payments for the dwelling because Plaintiffs have not repaired or rebuilt their house as required by the policy.

8. Plaintiffs' claim for intentional infliction of emotional distress is barred by the statute of limitations. Though Plaintiffs had one year to file such a claim, the last contact between State Farm and

Plaintiffs was nearly three years later. That claim is, therefore, time-barred. Additionally, that claim is substantively deficient because Plaintiffs cannot meet their burden to show that State Farm's adjustment of their homeowner claim was outrageous.

9.      Plaintiffs' claim for breach of fiduciary duty fails as a matter of law because Mississippi does not recognize a fiduciary relationship between an insurer and insured in a first-party insurance policy.

10.     Plaintiffs' claim under the Mississippi Valued Property Statute is substantively untenable because that statute only applies to insurance losses from fire. No fire loss is at issue in this case.

11.     Plaintiffs' claim for indemnity is legally infirm because Plaintiffs do not and cannot allege that State Farm should indemnify them for damages for which they are liable to an injured third party. Nor can Plaintiffs' claim for unjust enrichment be sustained because Plaintiffs cannot show that there was no legal contract between the parties.

12.     Plaintiffs' claim for reformation of the insurance contract is impermissible under Mississippi law. Mississippi courts may reform a contract to correct a drafting mistake, not an alleged mistake in the substance of the contract. What Plaintiffs are seeking through the guise of "reformation" is, in fact, a Court-imposed contract to which the parties never agreed. Mississippi law forbids such an outcome.

13.     Plaintiffs' claim for specific performance fails because, under Mississippi law, specific performance is an equitable remedy that is unavailable where, as here, an adequate remedy at law exists and monetary damages would compensate the injured party. Here, Plaintiffs allege that they are entitled to a money judgment and cannot demonstrate that a monetary judgment would be inadequate.

14.     State Farm attaches the following exhibits to this Motion and incorporates them by reference:

Exhibit A: Excerpts from the deposition of Charles Spansel;

Exhibit B:  Excerpts from the deposition of Janet Spansel;

Exhibit C:  Property survey;

Exhibit D:  Pre-loss photographs of Plaintiffs' house;

Exhibit E:  Post-loss photographs of Plaintiffs' house;

Exhibit F:  Plaintiffs' homeowners policy;

Exhibit G:  Plaintiffs' flood policy;

Exhibit H:  Excerpts from State Farm's claim file for Plaintiffs' flood claim;

Exhibit I:  Excerpts from State Farm's claim file for Plaintiffs' homeowners claim;

Exhibit J:  Claim reevaluation papers;

Exhibit K:  Expert report of William R. Dally, Ph. D.;

Exhibit L:  Expert report of Michael A. Matthews, P.E. and William R. Hinson, P.E.;

Exhibit M:  Supplemental expert report of Messrs. Matthews and Hinson;

Exhibit N:  Expert report of Forrest Masters, Ph. D.;

Exhibit O:  Plaintiffs' answers to interrogatories.

WHEREFORE, the Court should enter partial summary judgment for State Farm dismissing Plaintiffs' claims under the Mississippi Valued Policy Statute and claims for gross negligence and malice (Count 1), breach of fiduciary duty (Count 3), bad faith refusal to pay (Count 5), intentional and/or negligent infliction of emotional distress (Count 6), fraudulent misrepresentation and/or omission (Count 7), negligence misrepresentation and/or omission (Count 8), estoppel and detrimental reliance (Count 9), action for declaratory relief (Count 11), declaration of insurance coverage (Count 12), indemnity and unjust enrichment (Count 13), reformation (Count 14), specific performance (Count 15),

and punitive damages (Count 16).  *See, e.g.*, Compl. ¶¶ 34-35, 41-42, 49-53, 63-89, 93-98, 105-44.  The Court should further enter an Order that, as a matter of law, Plaintiffs cannot recover replacement cost payments under their homeowners policy.  *See id.* ¶ 144(a), (n)-(o).

Dated:  September 15, 2009

>Respectfully submitted,
>
>/s/   H. Scot Spragins
>H. SCOT SPRAGINS, MSB # 7748
>HICKMAN, GOZA
>& SPRAGINS, PLLC
>Attorneys at Law
>Post Office Drawer 668
>Oxford, MS 38655-0668
>(662) 234-4000
>*Attorneys for Defendant*
>*State Farm Fire and Casualty Company*

**CERTIFICATE OF SERVICE**

I, **H. SCOT SPRAGINS**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, September 15, 2009.

/s/  H. Scot Spragins
H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS  38655-0668
(662) 234-4000