IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES SPANSEL and JANET SPANSEL                                                     PLAINTIFFS

VS.                                                         CIVIL ACTION NO.: 1:08CV1516-LG-RHW

STATE FARM FIRE AND CASUALTY CO.,
and JOHN DOES 1-10                                                                    DEFENDANTS

## MOTION *IN LIMINE* TO EXCLUDE EVIDENCE

COMES NOW, Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"), by and through the undersigned and pursuant to the Federal Rules of Civil Procedure, and files this Motion *in Limine* to Exclude Evidence, stating unto the Court as follows:

I.

During their depositions on July 14, 2009, State Farm learned that the plaintiffs intend to testify that, due to pre-loss additions and renovations, their dwelling and dwelling extensions were more valuable than the amounts substantiated by their documentary evidence. Since that time, State Farm has made numerous written requests for documentation which would substantiate the alleged cost of said additions and renovations (*see* e.g., Letter of August 19, 2009 attached as Exhibit A). Discovery in this matter has been closed since September 1, 2009 (Case Management Order, doc. 9), and no documentation substantiating the alleged cost of the plaintiffs' additions and renovations has been provided. Therefore, the plaintiffs should be precluded from offering any evidence or testimony regarding said additions and renovations at trial.

II.

This Court has held that "where, from the nature of the case, the extent of the injury and the amount of damage are not capable of exact and accurate proof" a plaintiff will not be "denied a substantial recovery if he has produced the best evidence available and it is sufficient to afford a

reasonable basis for estimating the loss." *Champion Intern. Corp. v. First Nat. Bank of Jackson*, 642 F.Supp. 237, 242 (S.D. Miss. 1986) (citing *Cain v. Mid-South Pump Co.,* 458 So.2d 1048, 1050 (Miss. 1984)). The burden, therefore, is on the plaintiff to produce "the best evidence which is obtainable under the circumstances of the case." *Cooper Tire and Rubber Co. v. Farese*, 2008 WL 5188233, *3 (N.D. Miss.) (citing *Koehring Co. v. Hyde Construction Co.,* 178 So.2d 838, 854 (Miss. 1965)). Even where damages are extremely difficult to prove, the plaintiff still bears the burden of proving them "with as much accuracy as is reasonably possible for him." *Thomas v. Global Boat Builders*, 482 So.2d 1112, 1116 (Miss. 1986).

III.

In the instant case, the value of the dwelling and dwelling extension loss sustained by the plaintiffs is neither extremely difficult to prove nor incapable of exact and accurate proof, *if* supported by necessary and appropriate documentary evidence. For example, the appraised value of their vacation home and lot as of May 3, 2001 has been substantiated by an Uniform Residential Appraisal Report reflecting a value by sales comparison of $320,000 and a value by cost of $309,857 (Uniform Residential Appraisal Report attached as Exhibit B), and the amount paid for the home and lot on May 4, 2001 has been substantiated by a Settlement Statement reflecting a total purchase price of $260,000 (Settlement Statement attached as Exhibit C).

IV.

Should the plaintiffs elect to proceed to trial with the Uniform Residential Appraisal Report and Settlement Statement as the basis for their loss valuation, they will have arguably met their legal obligation to present "the best evidence which is obtainable under the circumstances." *Cooper Tire and Rubber Co.*, 2008 WL 5188233, *3. However, the plaintiffs should not be permitted to appear at trial and testify that, on the date of loss, their dwelling and dwelling extensions had an inexact and

unsupported value in excess of that reflected by their documentary evidence. Simply put, the plaintiffs should be held to that loss valuation which they can support with credible evidence.

V.

WHEREFORE, Defendant, State Farm Fire and Casualty Company, respectfully requests that this Honorable Court grant the instant motion *in limine* to exclude any evidence or testimony regarding the plaintiffs' alleged pre-storm addition and renovation expenditures on the basis that the plaintiffs have failed to present that evidence which would have afforded the jury with the best and most reasonably accurate basis for estimating the value of said improvements and, therefore, the value of the plaintiffs' loss as a whole. State Farm further requests any additional relief which the Court may find warranted in the premises.

    Respectfully submitted,

    STATE FARM FIRE AND CASUALTY COMPANY

    HICKMAN, GOZA & SPRAGINS, PLLC
    Attorneys at Law
    Post Office Drawer 668
    Oxford, MS 38655-0668
    (662) 234-4000

    BY: */s/ H. Scot Spragins*
        H. SCOT SPRAGINS, MSB # 7748

## CERTIFICATE OF SERVICE

I, H. SCOT SPRAGINS, one of the attorneys for the Defendant, STATE FARM FIRE AND CASUALTY COMPANY, do hereby certify that I have on this date electronically sent the foregoing document to all counsel of record.

THIS, the 1st day of October, 2009.

                */s/ H. Scot Spragins*
                H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000