IN THE DISTRICT COURT UNITED STATES
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES SPANSEL**
**and JANET SPANSEL**                                                                **PLAINTIFFS**

**V.**                                              **CIVIL ACTION NO. 1:08cv1516 LG RHW**

**STATE FARM INSURANCE COMPANY,**
**STEVE SAUCIER, Individually and as Agent**
**of STATE FARM INSURANCE CO.,**
**and JOHN DOES 1-10.**                                                                **DEFENDANTS**

**RESPONSE IN OPPOSITION TO STATE FARM FIRE AND CASUALTY COMPANY'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE**

**COME NOW** Plaintiffs, Charles and Janet Spansel, by and through undersigned counsel, and submit this their response in opposition to Defendant State Farm's Motion *In Limine* to Exclude Evidence concerning the valuation of their insured property at the time of the loss. In support thereof, Plaintiffs submit as follows, to wit:

1. In or around the year 2000, the same year the Plaintiffs purchased the subject property, Plaintiffs Charles and Janet Spansels' property appraised for approximately $320,000.00. See the Appraisal, attached as Exhibit "A" and the Deposition of Charles Spansel, attached as Exhibit "B" at page 46.

2. However, subsequent to the purchase, Plaintiff Charles Spansel testified in his deposition that he and his wife engaged in substantial remodeling to improve the property. See Exhibit "B" at page 46. Specifically, before they took possession of the house, the Plaintiffs moved a wall, added a wall, replaced the windows, expanded the porch, performed a small renovation of the kitchen, fully painted the interior and exterior, repaired and refinished hardwood floors, put in

a new stairwell, and replaced almost all of the lighting, interior and exterior- among other projects. See Exhibit "B" at page 47. This renovation cost the Spansels approximately $65,000.00 to $70,000.00. See Exhibit "B" at page 48. Then sometime in 2002 or 2003, the Spansels spent approximately $50,000.00 renovating the downstairs portion of the house- installing a kitchen, renovating the bath area, and raising electrical outlets. Exhibit "B" at page 107. All told, Plaintiff Charles Spansel testified that the Plaintiffs spent more than $100,000.00 to renovate the insured property subsequent to their property's $320,000.00 appraisal during the year 2000 and prior to the complete destruction of their insured property during Hurricane Katrina.

3. Mr. Spansel also testified regarding the amounts spent to build and repair their dwelling extensions subsequent to the purchase of their property, including approximately $9,000.00 to $10,000.00 spent to build their outdoor gazebo. See Exhibit "B" at page 51.

4. Furthermore, Mr. Spansel provided the names of the contractors to the Defendants during his deposition, identifying Bill Nugent as the general contractor for the first renovation to the house and Louis Lassabe as the builder of the gazebo. See Exhibit "B" at pages 48, 51.

5. Defendants now seek to exclude Plaintiffs' detailed testimony regarding the value of their property at the time of the loss because Plaintiffs have not provided documentary proof of these improvements made prior to the time their home was destroyed by Hurricane Katrina. See Defendants Motion *in Limine* at page 1. Defendants' Motion should fail in its entirety.

6. Where the Court must apply a credit for previously paid flood insurance, "it is necessary to establish the actual value of insured property at the time of the loss." See *Ross v. Metropolitan Property and Casualty Insurance Company*, 2008 WL 4861698 at *5 (S.D. Miss. 2008). This Court has clearly stated that a plaintiff may express his opinion on the value of property.

See *Eleuterius v. State Farm Fire and Casualty Company*, 2007 WL 1875925 (S.D. Miss. 2007). (Citing *Mississippi State Highway Commission v. Franklin County*, 488 So. 2d 782 (Miss 1986)). Interestingly enough, this Court, in its preface to the opinion, stated "I expect that the evidentiary issues raised by these motions may recur in other Katrina property insurance cases now pending on the Court's docket, <u>and these rulings will be followed in later cases</u>. *Id*. (Emphasis added.) It is of note that the Defendants neglect to cite *Eleuterius* at all; they make no effort to distinguish that case from this one or to argue that this Court's application of Mississippi law is in error.

7. This court has furthermore stated that Plaintiffs should "have a full and fair opportunity to submit evidence on the valuation issue." *Remel v. State Farm Fire and Casualty Company*, 2009 WL 544140 at *2 (S.D. Miss. March 3, 2009).

8. In addition to this Court's rulings permitting a Plaintiff's testimony regarding the value of his property at the time of the loss, it should also be noted that in response to Defendants' requests subsequent to the Plaintiffs' depositions, Plaintiffs provided Defendants with the appraisal and additional photographs of the property prior to the time of Hurricane Katrina. See Plaintiffs' First Supplemental Response to the Request for Production of Documents, attached as Exhibit "C'. Moreover, Plaintiff Charles Spansel was fully forthcoming during his deposition regarding the identity of the general contractor and primary builder of his improvements and their locations. See Exhibit "B" at pages 48, 51. Plaintiffs' inability to locate the papers documenting the repairs made to their property prior to the time the property was destroyed by Hurricane Katrina should not be held against them in valuating their property at the time of the loss.

9. For the foregoing reasons, Defendants' Motion *in Limine* should be denied.

WHEREFORE PREMISES CONSIDERED the Plaintiffs respectfully move that this Court

deny State Farm's Motion *in Limine*, and furthermore, enter any and all relief necessary to accompany such relief.

Respectfully submitted, this the 20th day of October, 2009,

PLAINTIFFS, CHARLES and JANET SPANSEL


BY: *s/ Rose M. Hurder*
ROSE M. HURDER


**OF COUNSEL:**

John F. Hawkins, Esq., MS Bar Roll No. 9556
C. Edward Gibson, Esq., MS Bar Roll No. 100640
Rose M. Hurder, Esq., MS Bar Roll No. 103040
HAWKINS, STRACENER & GIBSON, PLLC
544 Main Street
Bay St. Louis, MS 39520
Ph. (228) 469-0785; Fx. (228) 466-9233


**CERTIFICATE OF SERVICE**

I certify that I have electronically filed the above and foregoing *Response to Defendant State Farm's Motion in Limine* with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record as indicated below:

H. SCOT SPRAGINS
HICKMAN, GOZA & SPRAGINS, PLLC
Post Office Drawer 668
Oxford, MS 38655-0668

I further certify that there are no non ECF users among counsel.

SO CERTIFIED, this the 20th day of October, 2009,

*s/ Rose M. Hurder*
ROSE M. HURDER