IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES SPANSEL and JANET SPANSEL                                    PLAINTIFFS

VS.                                          CIVIL ACTION NO.: 1:08CV1516-LG-RHW

STATE FARM FIRE AND CASUALTY CO.,
and JOHN DOES 1-10                                                   DEFENDANTS

### REBUTTAL IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE

COMES NOW, Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"), by and through the undersigned and pursuant to the Federal Rules of Civil Procedure, and files this Rebuttal in Support of Motion *in Limine* to Exclude Evidence, stating as follows:

I.

Plaintiffs' Response in Opposition to State Farm's Motion *in Limine* to Exclude Evidence [48] offers no legitimate explanation for their failure to provide credible documentary evidence of remodeling expenses allegedly incurred between May 4, 2001 and August 29, 2005. Instead, the plaintiffs argue the burden was on State Farm to seek out the various contractors who purportedly performed the work and obtain discovery from them in support of the amounts the plaintiffs will seek to offer at trial. This attempt at burden shifting should not be permitted. It is the plaintiffs' obligation to produce in support of their claim "the best evidence which is obtainable under the circumstances of the case." *Cooper Tire and Rubber Co. v. Farese*, 2008 WL 5188233, *3 (N.D. Miss.) (citation omitted).

II.

Simply stated, the plaintiffs' recollections do not constitute the best obtainable evidence. In the opening paragraph of their Response, for example, the plaintiffs declare that they purchased the

subject property "in or around the year 2000." Charles Spansel likewise testified that the property was purchased "[i]n 2000, May of 2000, to be exact" (*see* Exh. B to Plaintiffs' Response [48-3], Deposition of Charles Spansel, p. 10). This recollection is simply incorrect. The documentary evidence produced in this matter reveals that the property was purchased on May 4, 2001 (s*ee* Exh. C to Plaintiffs' Response [48-4], Deed of Trust, Warranty Deed and Settlement Statement). Similarly, Mr. Spansel has testified that, according to his best recollection, the lot on which the house was situated had a value of approximately $100,000 at the time of their purchase (*see* Exh B to Plaintiffs' Response [48-3], Deposition of Charles Spansel, p.44). Again, this recollection is simply incorrect as the documentary evidence reflects that the estimated site value one day before its purchase was $195,000 – nearly twice the amount recalled by Mr. Spansel (*see* Exh. A to Plaintiffs' Response [48-2], Uniform Residential Appraisal Report).

### III.

The plaintiffs are asking this Court to rely upon their recollection of matters which could and should be proven through the presentation of credible documentary evidence. As such, their reliance upon the *Eleuterius* decision is misplaced.[1] Unlike the case at bar, there is no indication in *Eleuterius* that the plaintiff could have produced "exact and accurate proof" as to the value of his loss. *See Champion Intern. Corp. v. First Nat. Bank of Jackson*, 642 F.Supp. 237, 242 (S.D. Miss. 1986) (citation omitted). Here, the appraised value of the plaintiffs' property as of the date of their purchase, and the amount actually paid for that property, are substantiated by credible documentary evidence. Furthermore, the identity of documents or persons who could produce documents regarding their pre-loss renovations is well known to the plaintiffs. Thus, unlike *Eleuterius*, it

---

[1]That decision was only to "be followed in later cases based on substantially similar facts."
*Eleuterius v. State Farm Fire and Casualty Company*, 2007 WL 1875925, *1 (S.D. Miss.) (emphasis on introductory language omitted from Plaintiffs' Response).

reasonably appears that these plaintiffs could have produced credible documentary evidence in support of the expenses they now seek to claim, had they taken the steps necessary to do so.

IV.

Almost as an afterthought, in the closing lines of their Response, the plaintiffs allege an "inability to locate the papers documenting the repairs made to their property prior to the time the property was destroyed by Hurricane Katrina . . ." This is the first time this statement has been made; it was not stated during the depositions of the plaintiffs and it is not now supported by an affidavit. Plaintiffs have offered no evidence or testimony upon which this Court could determine that due diligence was done in searching for said papers, and have offered no record of their attempts to obtain said papers from the contractors who purportedly performed the work. Plaintiffs have not described where the papers should have been located, why they could not be found or why they could not be obtained from another source such as the contractors who performed the work. The Court should require significantly more in the way of explanation if it is to excuse these plaintiffs from their legal obligation to prove their damages "with as much accuracy as is reasonably possible." *Thomas v. Global Boat Builders*, 482 So.2d 1112, 1116 (Miss. 1986).

V.

The Court should find that it is the plaintiffs' burden, not State Farm's, to seek out and produce credible evidence in support of their claim for damages and that, at least insofar as the value of their remodeling expenses is concerned, this burden has not been met in this case.

VI.

WHEREFORE, Defendant, State Farm Fire and Casualty Company, respectfully requests that this Honorable Court grant the relief requested in its Motion *in Limine* to Exclude Evidence. State Farm further requests any additional relief which the Court may find warranted in the premises.

Respectfully submitted,

STATE FARM FIRE AND CASUALTY COMPANY

HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000

BY: */s/ H. Scot Spragins*
     H. SCOT SPRAGINS, MSB # 7748

## CERTIFICATE OF SERVICE

      I, H. SCOT SPRAGINS, one of the attorneys for the Defendant, STATE FARM FIRE AND CASUALTY COMPANY, do hereby certify that I have on this date electronically sent the foregoing document to all counsel of record.

      THIS, the 28th day of October, 2009.

                                                */s/ H. Scot Spragins*
                                                H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000