UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES SPANSEL and JANET SPANSEL** | § § § | **PLAINTIFFS** |
| V. | § § | CAUSE NO. 1:08cv1516-LG-RHW |
| **STATE FARM FIRE AND CASUALTY CO. and JOHN DOES 1-10** | § § § | **DEFENDANTS** |

## ORDER DENYING MOTION *IN LIMINE*

BEFORE THE COURT is Defendant State Farm Fire and Casualty Co.'s Motion *in Limine* to Exclude Evidence [41]. Plaintiffs Charles and Janet Spansel initiated this bad faith action to recover for Hurricane Katrina damage to their vacation home. State Farm argues they should not be able to testify to the improvements and additions they made to the property after they bought it because they have no documentation of these renovations. The Court has considered the parties' submissions and the relevant legal authority. The motion is denied.

Prior to Hurricane Katrina, the Spansels purchased a vacation home in Pass Christian, Mississippi. The Spansels testified that, before the hurricane, they made certain various renovations and they constructed a shed and gazebo. The Spansels gave the cost of these improvements and the names of the contractors that performed them. State Farm does not want the Spansels to testify to any of this because they have not produced any documents verifying the testimony, and State Farm questions the Spansels' ability to accurately remember these matters.

What State Farm attacks is the Spansels' credibility concerning the improvements they made to their home prior to Katrina. The credibility of witnesses and the weight of their testimony is for the jury to determine. That the Spansels may not be accurate and exact witnesses

is not a matter for the Court and not a basis to exclude the testimony. State Farm points to no case where a property owner was not allowed to testify about his or her property because that testimony was not accompanied by documentary evidence.

Additionally, as this Court has previously held, a property owner is allowed to give his or her opinion as to the value of his or her property. *Eleuterius v. State Farm Fire & Cas. Co.*, No. 1:06cv647-LTS-RHW, 2007 U.S. Dist. LEXIS 44813 at *4-5 (citing *Miss. State Highway Comm'n v. Franklin County*, 488 So. 2d 782 (Miss. 1986); *Bynum v. Mandrel Indus., Inc.*, 241 So. 2d 629 (Miss. 1970); *City of Clarksdale v. Stuart*, 185 So. 588 (Miss. 1939)) (Senter, J). The Spansels, as owners of the property in question, are allowed to testify to the improvements they made and to the value of the property. The objections State Farm raises may be addressed through cross-examination and contrary evidence.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Defendant State Farm Fire and Casualty Company's [41] Motion *in Limine* to Exclude Evidence should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 14th day of January, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE