IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES SPANSEL and JANET SPANSEL, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, et al., <br><br> Defendants. | No.: 1:08-CV-1516-LG-RHW |

**STATE FARM FIRE AND CASUALTY COMPANY'S MOTION *IN LIMINE* NO. 1:
TO BIFURCATE TRIAL AND TO PRECLUDE EVIDENCE OF OR REFERENCE TO
CLAIMS FOR EXTRA-CONTRACTUAL AND PUNITIVE DAMAGES PRIOR TO A FINDING
OF COVERAGE UNDER THE HOMEOWNERS POLICY**

1. State Farm Fire and Casualty Company ("State Farm") respectfully submits its Motion *in Limine* No. 1 to move this Court, pursuant to Mississippi law and Federal Rule of Civil Procedure 42(b), for an order *in limine* bifurcating the trial of Plaintiffs' claims in the manner set forth herein and limiting the use of evidence in each phase in accordance therewith. For the reasons more fully stated in the accompanying memorandum of law, incorporated herein by reference, this Court should grant the motion in its entirety.

2. Mississippi substantive law requires a barrier of separation between coverage issues and evidence and claim handling issues and evidence. It is contrary to Mississippi law to commingle issues and evidence regarding Plaintiffs' coverage claim with those based on State Farm's claims handling.

3. State Farm submits that to prevent this commingling of issues and evidence, a bifurcated trial is necessary, separating claims for insurance coverage and breach of contract (phase one) from claims for negligence, estoppel, detrimental reliance, punitive damages, and extra-contractual damages (phase two). Bifurcating the trial as set forth herein furthers the goals of efficiency and judicial economy and promotes fairness. Such a bifurcated trial also adheres to this district's familiar practice in other Hurricane Katrina cases.

WHEREFORE, for the foregoing reasons and for those set forth more fully in the accompanying memorandum of law, this Court should enter an order bifurcating the trial of this case as follows:

    i.    In phase one, the Court should determine whether Plaintiffs' loss was covered under the homeowners policy and, if so, the extent and value of covered damages, if any. The Court should also adjudicate the remaining portion of the declaratory relief claim, which is purely a matter of law.[1]

    ii.    If the covered damages are found in phase one, then the Court, in its role as "gatekeeper," should then conduct a separate evidentiary hearing, as required by Mississippi Code Section 11-1-65(1)(c), to determine whether the issues related to punitive damages should be submitted to the jury. If the Court determines that the issues related to punitive damages should be submitted to the jury, then in phase two, the Court should try Plaintiffs' alleged claims for punitive and extra-contractual damages. The Court should also try Plaintiffs' alleged claims for negligence, estoppel, and detrimental reliance in phase two.

Moreover, the Court should enter an order to limit the introduction of evidence in each phase in accord with the claims to be tried in each phase. In particular, the Court should exclude any evidence or reference to Plaintiffs' alleged claims arising from State Farm's claims handling, including claims for negligence, punitive damages, and extra-contractual damages prior to a determination that Plaintiffs are entitled to compensatory damages, if any.

---

[1] The Court granted partial summary judgment on the declaratory judgment claims. Jan. 6, 2010 Order [50] at 8-12.

Dated:  February 1, 2010

                        Respectfully submitted,

                        <u>/s/   H. Scot Spragins</u>
H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA
& SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

3

**CERTIFICATE OF SERVICE**

I, **H. SCOT SPRAGINS**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, February 1, 2010.

                                                /s/ H. Scot Spragins
                                               H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS  38655-0668
(662) 234-4000