**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

CHARLES SPANSEL and JANET SPANSEL,

    Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY
COMPANY, et al.,

    Defendants.

No.:  1:08-CV-1516-LG-RHW

**STATE FARM'S MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* NO. 2:
TO EXCLUDE TESTIMONY OR EVIDENCE
<u>RELATING TO THE MARKET CONDUCT REPORT</u>**

State Farm Fire and Casualty Company ("State Farm") respectfully moves *in limine* for an Order excluding any evidence, testimony, or argument relating or referring to the "Report of the Special Target Examination (Katrina Homeowner Claims)" commissioned by the Mississippi Department of Insurance ("Report"). *See* Ex. A.

In the aftermath of Hurricane Katrina, the Mississippi Department of Insurance called for a market conduct examination of State Farm homeowners policy claims. The resulting Report explains that "[t]he procedures developed and used, among others, during this special target examination were designed to determine the fair treatment of policyholders as anticipated in [Mississippi's Unfair Trade Practices statute, codified at] Miss. Code Ann. § 83-5-29 to 83-5-51, *and should not be considered a full scope examination or applied in any other context.*" *Id.* at 4-5 (emphasis added). Indeed, the Report takes pains to emphasize that it should not be used as Plaintiffs will use it at trial:

> This report is not intended for any purpose other than to communicate to the Commissioner of Insurance of the State of Mississippi the findings and results of test work and investigative activities performed during the course of this special target examination. *This report should not be used by the company examined or any other entity or person(s) for any other purpose not specifically approved by the Commissioner of Insurance for the State of Mississippi.*

*Id.* at 1 (emphasis added). Thus, by its own terms, the Report is not to be used for any purpose other than that specifically approved by the Commissioner of Insurance. In adopting the Report in its October 17, 2008 Order, the Commissioner of Insurance made a finding of fact that "while [State Farm] did make errors, *it found no violations*" of the Unfair Trade Practices statute. Comm'r Ins. Oct. 17, 2008 Order, attached as Ex. B, at 3 (emphasis added).

It is anticipated that Plaintiffs will seek to introduce testimony or evidence relating to the Report at the trial of this matter, including the Report itself. As explained below, such testimony or evidence should be excluded for several reasons. First, the Report should be excluded under Federal Rules of Evidence 402 and 403 because it reviews claims handling in general terms, based on a limited, unrepresentative sample of homeowners claims, and does not relate in any way to the specific damage to

Plaintiffs' property or to Plaintiffs' individual claims. The Report's irrelevance to this action is underscored by the Report's own terms, stating that the Report should not be used for any purpose not specifically approved by the Commissioner of Insurance. Significantly, Judge Senter has previously excluded the Report in other Hurricane Katrina cases because "the probative value of" the Report "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury." *Payment v. State Farm Fire & Cas. Co.*, 2008 WL 5381925, at *1 (S.D. Miss. Dec. 18, 2008) (Senter, J.), *corrected by* Text Only Order (Dec. 18, 2008) (correcting error irrelevant to disposition).

Next, the Report cannot be admitted to support a punitive damages analysis because the Report's level of generality makes it impossible for the Court, finder of fact, or State Farm to address its generalized findings in any meaningful way at trial. Moreover, the fact that the Report's analysis is based on an unrepresentative sample of claims raises a substantial risk of juror confusion and unfair prejudice to State Farm in that the jury might improperly extrapolate from the Report to draw incorrect conclusions about the claims and conduct at issue in this case.

Finally, the Report is inadmissible hearsay and contains further hearsay statements within it. For these reasons, State Farm respectfully requests that this Court enter an Order *in limine* excluding from trial any testimony or evidence relating to the Report.

I.     THE REPORT SHOULD BE EXCLUDED UNDER FEDERAL RULES OF EVIDENCE 402 AND 403

Courts in this district have repeatedly held that Hurricane Katrina trials "will be limited to the facts surrounding the Plaintiff's particular claim." *Huynh v. State Farm Fire & Cas. Co.*, 2008 WL 80759, at *1 (S.D. Miss. Jan. 7, 2008) (Senter, J.); *see also Perkins v. State Farm Gen. Ins. Co.*, 2007 WL 4375208, at *2 (S.D. Miss. Dec. 12, 2007) (Senter, J.) (same). "That is the *sole focus* of the trial of this cause of action." *Payment*, 2008 WL 5381925, at *1 (emphasis added); *see also Gagne v. State Farm Fire & Cas. Co.*, No. 06-cv-711-LTS-RHW, Order [469] at 1 (S.D. Miss. Dec. 12, 2008) (Senter, J.) (rejecting, in Hurricane Katrina case, the plaintiff's attempt to expand scope of litigation by

addressing "global" conduct); *Marion v. State Farm Fire & Cas. Co.*, No. 1:06cv969-LTS-RHW, Order [200] at 12 (S.D. Miss. Feb. 13, 2008) (Walker, J.) (ruling on discovery motions and observing that "[i]n the end, the Court finds that this case is about the [plaintiffs'] claim, the denial of that claim, and how it relates to the terms of the [plaintiffs'] insurance policy").

Judge Senter has recognized that "the probative value of" the Report "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury." *Payment*, 2008 WL 5381925, at *1 (excluding Report in Hurricane Katrina case). Judge Senter's decision in *Payment* is in full accord with prior opinions excluding evidence not relating to a plaintiff's specific claim under Federal Rule of Evidence 403. *See, e.g., Huynh*, 2008 WL 80759, at *1-2 (finding that such evidence "pose[s] the danger of confusion of the issues, which may tend to mislead the jury and would otherwise cause delay and waste time."); *Aiken v. Rimkus Consulting Group*, 2007 WL 4245906, at *2 (S.D. Miss. Nov. 29, 2007) (Senter, J.) (same). Judge Senter has excluded such evidence and testimony even where the plaintiff asserted a claim for punitive damages. *See, e.g., Huynh*, 2008 WL 80759, at *1. Accordingly, evidence or testimony not relating to Plaintiffs' specific, individual claim should be excluded under Federal Rules of Evidence 402 and 403 because, as Judge Senter has recognized, "claims were handled by [State Farm] in a variety of ways." *Guice v. State Farm Fire & Cas. Co.*, 2007 WL 912120, at *1 (S.D. Miss. Mar. 22, 2007) (Senter, J.); *cf. Comer v. Nationwide Mut. Ins. Co.*, No. 1:05CV436-LTS-RHW, 2006 WL 1066645, at *2 (S.D. Miss. Feb. 23, 2006) (Senter, J.) ("Each property owner in Mississippi who had real and personal property damaged in Hurricane Katrina is uniquely situated. No two property owners will have experienced the same losses.").

Nevertheless, it is anticipated that Plaintiffs will attempt to introduce into evidence materials or testimony relating to the Report. The Report, however, contains no discussion or analysis of Plaintiffs' particular claim in this case. Rather, the Report based its analysis and conclusions on a sample of 812 claims selected from the 43,054 State Farm homeowners claims in the lower six counties of Mississippi

3

filed between August 29, 2005 and October 31, 2006. *See* Ex. A at 9-10. There is no indication that Plaintiffs' claim was among these 812 claims. Accordingly, the Report has no relevance to Plaintiffs' particular claim and would serve only to unfairly prejudice the jury against State Farm. Indeed, Judge Vance of the Eastern District of Louisiana excluded a market conduct report based on "analysis of a random sampling" of Hurricane Katrina and Rita claims, holding: "Absent any indication that this report included an examination of the claims handling practices used in this case, the Court finds that its relevance is too attenuated to justify admission." *Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 478 (E.D. La. 2007).

Similarly, in *Fowler v. Firestone Tire and Rubber Co.*, 92 F.R.D. 1 (N.D. Miss. 1980) (Senter, J.), Judge Senter excluded two investigative governmental reports that did not relate to the specific case at hand. The relevant issue in *Fowler* was whether a "Firestone 500 steel belted radial tire" on the plaintiff's vehicle was defective at the time of a car accident. *See id.* at 1, 3. The plaintiff sought to introduce into evidence two reports investigating this type of tire, one prepared by the National Highway Traffic Safety Administration (the "N.H.T.S.A. report"), and one prepared by a congressional subcommittee (the "Moss Committee report"). *See id.* at 1. Judge Senter excluded both reports under Rule 403, explaining:

> Both reports are based, at least in part, on evidence which would clearly be inadmissible if independently offered at the trial of this cause, including statements of opinions by persons who may or may not qualify as experts, testimony by individuals not subject to cross examination, [hearsay], *and conclusions based on statistics which appear to the court to have very limited probative value on the issues to be decided in this trial, i.e., was the Firestone tire on plaintiff's vehicle at the time of the accident defective and, if so, did the defective tire cause plaintiff's injuries.* . . . [T]he N.H.T.S.A. report and the Moss Committee report *do not specifically relate to the facts and circumstances which are the subject matter of this litigation.*

*Id.* (emphasis added).

Likewise, here, the Report's generalized findings "do not specifically relate to the facts and circumstances" of Plaintiffs' claim. Accordingly, the Report should be excluded as irrelevant under Rule

4

402. *See Burley v. Homeowners Warranty Corp.*, 773 F. Supp. 844, 857-58 (S.D. Miss. 1990) (evidence of other insureds' claims denial was inadmissible "to prove defendants' alleged course of conduct" because such "evidence can not be considered at all probative on the issues presented in the cases at bar"; the plaintiffs failed to show how the other acts were "similar except, of course, to the extent that those claims were denied by [the insurer]"), *aff'd*, 936 F.2d 569 (5th Cir. 1991) (Table); *Beck v. Koppers, Inc.*, 2006 WL 2228878, at *1-2 (N.D. Miss. Apr. 3, 2006) (holding that "evidence of other lawsuits, claims, and injuries" even in same area was "irrelevant to this case and therefore inadmissible").

Even if the Report had some nominal relevance to this case (and it does not), the Report should be excluded because it would unfairly prejudice State Farm and mislead and confuse the jury. *See* Fed. R. Evid. 403; *Payment*, 2008 WL 5381925, at *1, 4 (excluding Report). As Judge Senter recognized in *Fowler*, the "'official' nature" of a document such as the Report "is likely to cause a jury to give the evidence inordinate weight and for this reason, any probative value the evidence might have would be far outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." 92 F.R.D. at 2; *cf. Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993) (citation omitted) (holding that admitting judicial opinions into evidence is especially prejudicial and confusing and would "present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice").

Additionally, the Report was "designed to determine the fair treatment of policyholders as anticipated in" the Unfair Trade Practices statute and, it explicitly notes, "should not be considered a full scope examination *or applied in any other context*." *See* Ex. A at 4-5 (emphasis added). Even though the Commissioner of Insurance "found no violations" of the statute, *see* Ex. B at 3, the introduction of a statute that is entirely unrelated to this litigation will confuse and mislead the jury. *See also Davenport v. St. Paul Fire & Marine Ins. Co.*, 978 F.2d 927, 933-34 (5th Cir. 1992) (finding that Mississippi Unfair Trade Practices statute does not provide for a private right of recovery). Moreover, introducing an

5

unrelated statute to the jury could also infringe on the province of the Court to instruct the jury on Mississippi law. Indeed, even the fact that the Mississippi Department of Insurance investigated State Farm for possible violations of the Unfair Trade Practices statute could only serve to prejudice the jury against State Farm. For all these reasons, the Report should be excluded as unfairly prejudicial under Rule 403.

Furthermore, the Report's unreliability poses a particular danger of unfair prejudice in this matter because its sample is unrepresentative of the greater population of State Farm Hurricane Katrina claims. To perform its analysis, the market conduct examination team initially selected: (i) a 100-claim "discovery sample" from the 43,054 claims discussed above; (ii) a 312-claim sample from 1,283 claims where State Farm had engaged an engineer; and (iii) a 400-claim sample from 37,772 claims in Mississippi's lower three counties without engineering reports, for a total of 812 claims considered. *See* Ex. A at 9-10. Throughout the Report, however, these three purportedly separate samples are analyzed as one group. *See, e.g., id.* at 11-13, 15-17. Thus, almost 40% of the aggregate sample of 812 claims consists of claims where an engineer was engaged (312 of 812 claims) although such claims constitute less than 3% of the population of the relevant State Farm claims (1,283 of 43,054 claims). *See id.* at 9-10. This *thirteen-fold overrepresentation* of claims with engineers in its sample demonstrates that the Report is inherently unreliable. Thus, as the Report cautions, "the figures and percentages used in this Report are limited to the above mentioned sample and/or stratums and *should not be extrapolated or applied to the entire population of claims*." *Id.* at 7 (emphasis added); *accord id.* at 12.

The Report also contains inadmissible opinions as to matters of law that would intrude upon the province of the Court to instruct the jury. For example, the Report discusses the burdens of proof relating to the flood exclusion in State Farm homeowners policies. *See, e.g., id.* at 17-19. As Judge Senter has recognized in Hurricane Katrina litigation, testimony as to legal opinions or testimony concerning the proper interpretation of the State Farm insurance policy is inadmissible because "the

6

interpretation of the policy [is] a matter of law." *McIntosh v. State Farm Fire & Cas. Co.*, 2008 WL 1776409, at *2 (S.D. Miss. Apr. 14, 2008) (Senter, J.); *accord Payment*, 2008 WL 5381925, at *3.

In sum, the Report has no relevance to Plaintiffs' particular claim, and its admission would cause unfair prejudice to State Farm. Accordingly, the Report should be excluded in its entirety pursuant to Rules 402 and 403. *See Payment*, 2008 WL 5381925, at *1, 4 (excluding Report in Hurricane Katrina case).

II.   **THE REPORT IS NOT ADMISSIBLE TO SHOW REPREHENSIBILITY**

Plaintiffs may attempt to argue that the Report is somehow admissible to support their claim for punitive damages under the theory that it demonstrates "reprehensibility." *See Philip Morris USA v. Williams*, 549 U.S. 346, 355 (2007). A jury, however, may not base a punitive damages award on dissimilar acts of a defendant. As the Supreme Court explained in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003):

> A defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages. A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business. Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis . . . .

*Id.* at 422-23. Thus, "conduct relevant to the reprehensibility analysis must have a nexus to the specific harm suffered by the plaintiff." *In re Simon II Litig.*, 407 F.3d 125, 139 (2d Cir. 2005); *see also Campbell*, 538 U.S. at 422 ("[B]ecause the Campbells have shown no conduct by State Farm similar to that which harmed them, the conduct that harmed them is the only conduct relevant to the reprehensibility analysis.").

As noted above, Judge Senter has previously excluded testimony relating to other Hurricane Katrina claims where a plaintiff had asserted a claim for punitive damages because the testimony did not relate to the facts surrounding the plaintiff's specific claim. *See, e.g., Huynh*, 2008 WL 80759, at *1. In any event, however, the Report is inadmissible to show reprehensibility because it is impossible to

7

determine whether the conduct complained of by Plaintiffs is similar to any purported conduct upon which the Report is based. Nothing in the Report shows that State Farm improperly adjusted any specific claim. Rather, the Report speaks in entirely general terms and contains no indication that any of the complained of conduct is at all similar to any harm allegedly incurred by Plaintiffs. For example, although the Report contends that certain homeowners claims did not contain adequate documentation of a full investigation, the Report concedes that "lack of documentation in a claim file is not conclusive proof that the claim was not properly or fully investigated." Ex. A at 14. Moreover, the Report's characterizations of State Farm's conduct are so generalized and lacking in detail that it would be impossible for State Farm to adequately address and rebut them at trial, and even attempting to do so would necessitate a time-consuming and distracting "trial within a trial" that would simply confuse the issues and mislead the jury.

In addition, as explained above, almost 40% of the claims in the Report's sample are cases where State Farm engaged the services of an engineer (although such claims constitute less than 3% of the State Farm claims). Thus, the sample is unrepresentative not only because it was very small compared to the overall number of claims, but also because it focuses on a certain category of claims. Moreover, because claims with engineers were often contested or disputed and more likely to be criticized, the significant overrepresentation of claims with engineers in the Report might mislead the jury both into overestimating any reprehensibility on the part of State Farm and into impermissibly imposing punitive damages based upon conduct toward others. Thus, as the Report itself states, the Report's findings should not be extrapolated or applied to the entire population of claims and the Report should not be used for any purpose (including as evidence in this case) other than to communicate the findings of the market conduct examination to the Commissioner of Insurance. *See id.* at 1, 4-5, 7, 12.

Because the Report is irrelevant to this case and to the issue of reprehensibility and because any relevance it might have would be far outweighed by unfair prejudice if the Report were admitted, the Report should be excluded under Rules 402 and 403 for all purposes, including punitive damages.

### III. THE REPORT IS INADMISSIBLE HEARSAY AND CONTAINS HEARSAY WITHIN HEARSAY

Finally, the Report itself is inadmissible hearsay. *See* Fed. R. Evid. 802; *Allstate Ins. Co. v. Serio*, 2000 WL 554221, at *9-12 (S.D.N.Y. 2000) (excluding market conduct study as hearsay). Moreover, like the governmental reports excluded under Rule 403 in *Fowler*, the Report here is "based, at least in part, on evidence which would clearly be inadmissible if independently offered at the trial of this cause, including statements of opinions by persons who may or may not qualify as experts, testimony by individuals not subject to cross examination, [and hearsay]." 92 F.R.D. at 1.

Further, the Report does not fall within the public records exception to the hearsay rule. *See* Fed. R. Evid. 803(8).[1] Here, the Report is clearly not trustworthy for use as evidence with respect to Plaintiffs' individual claim. The Report itself disclaims the use to which Plaintiffs will put it by saying that it is "not intended for any purpose other than to communicate to the Commissioner of Insurance . . . the findings and results" of the market conduct examination and that it "should not be used by [State Farm] or any other entity or person(s) for any other purpose not specifically approved by the Commissioner of Insurance . . . ." Ex. A at 1. Additionally, the Report cautions that its calculations "should not be extrapolated or applied to the entire population of claims." *Id.* at 7; *see also id.* at 4-5. Accordingly, the Report is not subject to the public records exception of Rule 803(8) and should be excluded as hearsay under Rule 802. *See Fowler*, 92 F.R.D. at 2 (finding that two investigative

---

[1] Federal Rule of Evidence 803(8) excludes from the hearsay rule, *inter alia*, "factual findings resulting from an investigation made pursuant to authority granted by law, *unless the sources of information or other circumstances indicate lack of trustworthiness*." *Id.* (emphasis added).

9

governmental reports lack "indicia of reliability" and therefore "do not qualify as hearsay exceptions under Rule 803(8)(C)").

The Report is not only hearsay itself and based on hearsay evidence, but it also includes multiple instances of hearsay within hearsay. The Report repeatedly quotes and paraphrases statements of non-State Farm personnel and from non-State Farm documents. *See, e.g.*, Ex. A at 3, 13, 15, 17-19, 21-25, 29, 31, 38. These and other hearsay statements within the Report must be excluded. *See* Fed. R. Evid. 805.

## IV.    CONCLUSION

For all the foregoing reasons, State Farm respectfully requests that this Court enter an Order *in limine* excluding any evidence, testimony, or argument relating or referring to the Report.

Dated: February 1, 2010

Respectfully submitted,

/s/ H. Scot Spragins
H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA
& SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

**CERTIFICATE OF SERVICE**

I, **H. SCOT SPRAGINS**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, February 1, 2010.

/s/  H. Scot Spragins
H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS  38655-0668
(662) 234-4000