IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES SPANSEL and JANET SPANSEL,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, et al.,<br><br>Defendants. | No.: 1:08-CV-1516-LG-RHW |

**STATE FARM FIRE AND CASUALTY COMPANY'S MOTION *IN LIMINE* NO. 4:
TO PRECLUDE PLAINTIFFS FROM INTRODUCING TESTIMONY OR EVIDENCE THAT
WAIVER OR ESTOPPEL CREATE OR MODIFY COVERAGE**

State Farm Fire and Casualty Company ("State Farm") respectfully moves *in limine* to preclude Plaintiffs from offering testimony or evidence and from arguing that waiver or estoppel create or modify coverage.[1]

State Farm anticipates that Plaintiffs may argue or present evidence that statements or representations by State Farm agents (including adjusters) modify the underlying homeowners insurance contract by operation of waiver or estoppel. It is likewise anticipated that Plaintiffs may argue or present evidence in general that State Farm has, by operation of waiver or estoppel, altered the binding nature of all the provisions of the insurance policy at issue. Indeed, for similar reasons, Judge Senter granted a motion *in limine* by State Farm and held "evidence dealing with waiver or estoppel will not be allowed." *Payment v. State Farm Fire & Cas. Co.*, 2008 WL 5381925, at *2 (S.D. Miss. Dec. 18, 2008) (Senter, J.). The Supreme Court of Mississippi adheres to the principle that neither waiver nor estoppel can alter an insurance contract. "Mississippi law is clear that the doctrines of waiver and estoppel may not operate to create coverage or expand existing coverage to risks which, by the terms of the policy, are

---

[1] No separate memorandum in support is filed with this motion as the motion speaks for itself, and the relevant authorities are cited herein.

expressly excluded." *Stewart v. Gulf Guar. Life Ins. Co.*, 846 So. 2d 192, 202 (Miss. 2002) (en banc) (citing authorities). As the Mississippi Supreme Court held in the "seminal case on this point," *Pongetti v. First Continental Life & Accident Co.*, 688 F. Supp. 245, 248 (N.D. Miss. 1988), neither waiver nor estoppel can effectively amend an insurance contract to cover a risk or peril contrary to its express language: "Waiver or estoppel cannot operate so as to bring within the coverage of the policy property, or a loss, or a risk, which by the terms of the policy is expressly excepted or otherwise excluded." *Employers Fire Ins. Co. v. Speed*, 133 So. 2d 627, 629 (Miss. 1961). This is the "'long-settled rule of law in Mississippi.'" *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 996 (5th Cir. 2001) (citation omitted); *accord Pongetti*, 688 F. Supp. at 248. To apply this long settled rule, the Court should grant the instant motion.

Moreover, to the extent Plaintiffs attempt to prohibit State Farm from presenting a valid policy defense if that defense was not first raised during the initial claims adjustment, such a request is foreclosed by the Fifth Circuit and by courts in this district. "Under Mississippi law, an insurer may rely on *any* exclusion in the policy to show that no coverage existed, whether or not that exclusion was the stated basis for denial." *Sobley v. S. Natural Gas Co.*, 210 F.3d 561, 564 (5th Cir. 2000) (emphasis added), *later proceeding at*, 302 F.3d 325 (5th Cir. 2002). Additionally, Judge Senter applied *Sobley* in a Hurricane Katrina case and rejected an argument that the insurer cannot raise a valid policy defense that was not the original basis for adjusting the claim, holding that "an insurer may defend on the merits of the claim based on *any* policy defense it may have" at trial. *Penthouse Owners Ass'n, Inc v. Certain Underwriters at Lloyd's, London*, 2008 WL 2725068, at *1 (S.D. Miss. July 10, 2008) (Senter, J.) (emphasis added). A similar order is warranted in this case.

Nor can Plaintiffs present any evidence of alleged estoppel based on any purported misrepresentations during the adjustment of the claim. *See* Jan. 6, 2010 Order [50] at 12 ("The Spansels do not argue that they relied on these representations; [they] do not purport to have ever believed that

2

State Farm conducted an investigation or to have believed that flood was the cause of all their losses."). As a matter of law, Plaintiffs did not detrimentally rely on any alleged misrepresentations arising from the adjustment of their claim because they "brought this lawsuit in an effort to establish that State Farm has underestimated the wind damage to the insured property." *McIntosh v. State Farm Fire & Cas. Co.*, 2008 WL 1850094, at *3 (S.D. Miss. Apr. 21, 2008) (Senter, J.). Doing so is "conclusive" proof that Plaintiffs "did not detrimentally rely on any alleged wrongdoing" during the claims adjustment. *Gagne v. State Farm Fire & Cas. Co.*, 2008 WL 660437, at *1 (S.D. Miss. Feb. 6, 2008) (Senter, J.); Jan. 6, 2010 Order [50] at 13 ("Without reliance, the alleged false statements are not actionable."). In light of this conclusive proof, Plaintiffs cannot introduce evidence of alleged misrepresentations or estoppel arising from the adjustment of their claim.

WHEREFORE, State Farm respectfully requests that this Court enter an Order *in limine* precluding Plaintiffs from introducing any testimony or evidence and from arguing that waiver or estoppel create or modify coverage.

Dated: February 1, 2010

Respectfully submitted,

/s/ H. Scot Spragins
H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA
& SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

3

**CERTIFICATE OF SERVICE**

I, **H. SCOT SPRAGINS**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, February 1, 2010.

/s/ H. Scot Spragins
H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000