IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES SPANSEL and JANET SPANSEL,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, et al.,<br><br>Defendants. | No.: 1:08-CV-1516-LG-RHW |

**STATE FARM FIRE AND CASUALTY COMPANY'S MOTION *IN LIMINE* NO. 7:
TO PRECLUDE TESTIMONY OR EVIDENCE RELATING TO INTERPRETATION OF
INSURANCE POLICY PROVISIONS OR PRINCIPLES OF MISSISSIPPI LAW AND TO
EXCLUDE THE WIND WATER CLAIM HANDLING PROTOCOL**

State Farm Fire and Casualty Company ("State Farm") moves this Court for an *in limine* order excluding any evidence, testimony, or argument relating or referring to the meaning or interpretation of any provision in the homeowners policy issued by State Farm to Plaintiffs or to the interpretation of principles of Mississippi law and excluding the Wind Water Claims Handling Protocol.[1]

**I.     Introduction**

State Farm anticipates that Plaintiffs may attempt to introduce testimony and/or evidence that purports to establish Plaintiffs' view of the proper interpretation of the relevant policy language and its application to the facts of this case, including such issues as the enforceability and effect of the anti-concurrent cause ("ACC") lead-in provision to the water damage exclusion, and other pertinent policy provisions, as well as principles of Mississippi insurance law and tort law. All such testimony must be excluded because it would violate well-established Mississippi law holding that testimony of this kind constitutes a legal conclusion and as such is inadmissible.

---

[1] No separate memorandum in support is filed with this motion as the motion speaks for itself, and all relevant authorities are cited therein.

Furthermore, State Farm anticipates that Plaintiffs may attempt to introduce testimony and/or evidence regarding a State Farm document known as the Wind Water Claim Handling Protocol. *See* Wind Water Claims Handling Protocol ("Protocol") attached as Ex. A. That document, however, should not be used for any purpose during the trial of Plaintiffs' claims. First, the document should not be used during the coverage phase of trial because the policy governs the scope of coverage. Moreover, how an adjuster investigates a claim has no bearing on what damage wind or flood actually caused to Plaintiffs' property or on whether those damages qualify for coverage under the plain terms of the homeowners policy. Second, the document is also inadmissible during the later phase of trial (if any) involving claims for extra-contractual and punitive damages because introducing the document would inject unfair prejudice against State Farm and needlessly confuse the jury by introducing a purported investigatory process alongside the controlling Mississippi investigatory standard instruction. Accordingly, the Court should issue an order *in limine* excluding the Wind Water Claims Handling Protocol.

### III. Testimony on Legal Issues Is Inadmissible

In earlier Hurricane Katrina cases, Judge Senter has agreed that:

> [I]ndependent expert testimony concerning the interpretation of policy provisions is not appropriate. The interpretation of policy provisions is an issue of law and is within the province of the Court, not the jury.

*Tejedor v. State Farm Fire & Casualty Co.*, 2007 WL 162180, *1 (S.D. Miss. Jan. 16, 2007); *accord Payment*, 2008 WL 5381925, at *3.[2] State Farm respectfully submits that this Court should adopt Judge

---

[2] *See also Huynh v. State Farm Fire & Cas. Co.*, No. 1:06cv1061-LTS-RHW, Order at 1 (S.D. Miss. Jan. 7, 2008) [*Huynh* Doc. 166]; *Killeen v. State Farm Fire & Cas. Co.*, 2007 WL 1725428 (S.D. Miss. June 12, 2007). Judge Senter's ruling in *Tejedor, Killeen* and other cases on this question is consistent with federal law on the issue. *See, e.g., BG Real Estate Servs., Inc. v. Monticello Ins. Co.*, 2006 WL 461706, at * 3 (E.D. La. Feb. 27, 2006) ("Testimony by an expert that requires him to construe an insurance contract usurps the function of the Court, and is therefore inadmissible"; court would thus not consider expert's opinion that insurers did not have right under liability policy to settle underlying action against insured); *Young v. State Farm Mut. Auto. Ins. Co.*, 1999 WL 33537177, at * 2 (N.D. Miss. Feb. 16, 1999) (striking expert's affidavit opining that insured's daughter "was covered under the automobile insurance policy and the

Senter's earlier rulings and exclude from trial all testimony, expert or otherwise, purporting to interpret the policy provisions at issue in this case. All such evidence and testimony on the meaning of Plaintiffs' homeowners policy should be excluded because it is purely a question of law and would invade the province of this Court. It necessarily follows from this principle that Plaintiffs' witnesses should also be precluded from testifying that State Farm's Wind Water Claim Handling protocol is contrary to the provisions of State Farm's policy, as such testimony would necessarily require a legal opinion as to the interpretation of the policy provisions.

### III. Evidence of State Farm's Claim Handling Guidelines or Procedures Is Not Admissible for Plaintiffs' Coverage Claim

State Farm anticipates that Plaintiffs may incorrectly argue that evidence of claim handling guidelines or procedures might be relevant or admissible on the question of coverage. The question of coverage is to be decided according to what forces caused damage to Plaintiffs' property and whether that damage is covered by the language of the policy. Any claim handling guidelines or procedures that State Farm may have used in adjusting or handling Plaintiffs' claim shed no light on either of these questions. These materials are, therefore, irrelevant to the coverage issues before the Court and jury and may not be admitted into evidence

---

defendants had no arguable basis to deny coverage [because such opinion] is merely a conclusion of law [and thus] is inadmissible"); *Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*, 410 F. Supp. 2d 417, 421 (W.D. Pa. 2006) (excluding testimony from plaintiff's expert "as to his opinions on the application of the [first-party] insurance policy to [plaintiff's] loss"; expert's "opinion on the issue of contract construction would not assist the jury in understanding coverage, are based solely on [expert's] subjective interpretation of the policy language, and are impermissible legal conclusions"); *Breezy Point Coop., Inc. v. Cigna Prop. & Cas. Co.*, 868 F. Supp. 33, 36 (E.D.N.Y. 1994) (excluding expert testimony as to whether insured violated policy's timely notice requirement because the proffered testimony "requires [the expert] to construe provisions of the insurance contract and thus contains inadmissible legal opinions as to the meaning of the contract terms at issue. Moreover, . . . [the expert] necessarily will offer *his* version of what New York law requires or prohibits [and thus] clearly invades the Court's domain . . . .") (emphasis added).

for purposes of determining coverage. *See, e.g., Hartford Underwriters v. Williams,* 936 So. 2d 888, 897 (Miss. 2006).[3]

To the extent State Farm's claim handling guidelines or procedures have any potential relevance here, it is only with respect to Plaintiffs' claims for extra-contractual and punitive damages. Accordingly, this evidence may be admitted (if at all) only if the trial proceeds to those separate issues. As the Mississippi Supreme Court held in *Williams*, 936 So. 2d at 896-97 (emphasis added):

> [O]ur punitive damages statute mandates that ***all*** evidence regarding the punitive damages issue be tried in a separate evidentiary hearing before the same trier of fact, if but only if, the jury has awarded some measure of compensatory damages. As such, the clear intent of the legislature was to ***prevent issue confusion and to create a barrier between testimony regarding the fundamental issue of liability and the inflammatory issue of egregious conduct.*** . . . [O]nly if the jury has determined that compensatory damages are appropriate, may the jury hear the evidence concerning the issue of punitive damages.

The Mississippi Supreme Court held in *Williams* that the trial court committed reversible error by failing to separate both the evidence and the issues related to insurance coverage from the evidence and the issues related to claims handling:

> By allowing all issues to be tried in a single phase of the trial, the trial court allowed the jury to hear inflammatory evidence regarding alleged abuses committed by Hartford in handling and ultimately denying Williams's UM claim. Moreover, Williams had the benefit of introducing evidence of the manner in which Hartford handled her claim instead of focusing on the simple issue of whether Hartford breached the parties' insurance contract.

*Id.* at 897.

The heightened risk of unfair prejudice and issue confusion that moved the Mississippi Supreme Court in *Williams* to require a wall of separation between the issues and evidence of coverage and the issues and evidence of claims handling are also heightened risks that are present in this case. To divert the jury's

---

[3] State Farm has separately moved *in limine* for a bifurcated trial separating the claims and evidence of coverage from claims and evidence of claims handling.

4

attention from coverage matters – evidence regarding what forces caused Plaintiffs' damages and whether those damages are covered – to how State Farm adjusted Plaintiffs' claim would be manifestly improper under *Williams*. Plaintiffs would thereby be permitted to commingle the issues of coverage and punitive damages, which, under *Williams*, must be strictly separate. *See also Bradfield v. Schwartz*, 936 So. 2d 931, 938 (Miss. 2006) ("If punitive damages are indeed to be awarded within the limitations prescribed by [the punitive damages] statute, then evidence which does not pertain to compensating the plaintiff but only pertains to proof that a punitive damage award is appropriate, should not be heard until liability has been determined."); *Bridges v. Enter. Prods. Co.*, 2007 WL 571074, at *3 (S.D. Miss. Feb. 20, 2007) (excluding evidence relevant only to punitive damages from liability and compensatory damages portion of trial); *Beck v. Koppers, Inc.*, 2006 WL 2228876, at *1 (N.D. Miss. Apr. 3, 2006) (noting that "the court will not admit evidence during the first stage of the trial that is only relevant to punitive damages").

For these reasons, the Court should rule that claim handling guidelines and procedures, including the Wind Water Claims Handling Protocol, cannot be used for any purpose in the coverage phase of trial.

**IV.     State Farm's Wind Water Claim Handling Protocol Is Not Admissible for Plaintiffs' Further Claims Beyond Coverage**

In addition to its inadmissibility during the coverage phase of trial, the Wind Water Claims Handling Protocol is also inadmissible during the later phase of trial (if any) involving claims for extra-contractual and punitive damages. It is anticipated that Plaintiffs will attempt to introduce the document as the stand-alone criterion for whether State Farm's investigation was reasonable. But the controlling standard for whether an insurer's claims investigation was reasonable is set by Mississippi law, not by State Farm. *See, e.g., Broussard v. State Farm Fire & Cas. Co.* 523 F.3d 618, 627-28 (5th Cir. 2008); *see also Garvey v. Nat'l Grange Mut. Ins. Co.*, 167 F.R.D. 391, 396 (E.D. Pa. 1996) (Pennsylvania law) ("Moreover, the fact that the defendant may have strayed from its internal procedures does not establish bad faith on the part of the

5

defendant in handling the plaintiff's loss...."); *Thorsen v. Farmer's Ins. Exch.*, Cause No. DV 97-428 & Cause No. DV 98-372, 2001 Mont. Dist. LEXIS 2810, at *8-9 (Mont. Dist. Ct. May 25, 2001) (granting insurer's motion in limine to exclude claims manuals because "an insurer's non-compliance with internal procedures is not evidence of bad faith" and "claims manuals are therefore irrelevant to the issue of whether coverage should have been extended").

The Mississippi Supreme Court has clearly set forth the governing standard for a reasonable claims investigation, and that standard controls, not the Wind Water Claims Handling Protocol: insurers "are simply required to perform a prompt and adequate investigation and make a reasonable, good faith decision based on that investigation." *Liberty Mut. Ins. Co. v. McKneely*, 862 So. 2d 530, 535 (Miss. 2003). "To qualify for punitive damages for negligent claim investigation," Plaintiffs bear the burden of proving "'that a proper investigation by the insurer would easily adduce evidence showing its defenses to be without merit.'" *Broussard*, 523 F.3d at 630. To be sure, in *Brousard*, the Fifth Circuit reversed a punitive damage award against State Farm that was partially based on the district court's view of the Wind Water Claims Handling Protocol. *Broussard v. State Farm Fire & Cas. Co.*, 2007 WL 268344, at *2 (S.D. Miss. Jan. 31, 2007), *rev'd*, 523 F.3d 618, 627-30 (5th Cir. 2008).

Plaintiffs cannot supplant the controlling legal standard with one of their own. To permit Plaintiffs to introduce the Wind Water Claims Handling Protocol as the criterion for State Farm's claims investigation would only create a conflict between controlling Mississippi law and Plaintiffs' standard for a reasonable claims investigation. Not only has the Fifth Circuit rejected such a contention, *see id.*, such a conflict would needlessly confuse the issues and mislead the jury, *see* Fed. R. Evid. 403, beyond the power of any jury instruction to reasonably cure.

**V.    Conclusion**

Accordingly, State Farm respectfully requests that this Court enter an *in limine* order precluding Plaintiffs and their counsel from introducing testimony or evidence as to the meaning and interpretation of State Farm's policy provisions or as to principles of Mississippi insurance law. State Farm requests that the Court extend this order to any guidelines or procedures for claims handling, which are not relevant to coverage issues. *See* State Farm's Motion *in Limine* No. 1. State Farm requests that the Court rule that the Wind Water Claim Handling Protocol is (i) inadmissible during the coverage phase of trial because it is not relevant to Plaintiffs' breach of contract claim and is (ii) inadmissible during further phases of trial because it is not probative of bad faith or punitive or extra-contractual damages as a matter of law and would only cause substantial unfair prejudice to State Farm, confusions of the issues, and mislead the jury.

Dated: February 1, 2010

Respectfully submitted,

/s/  H. Scot Spragins
H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA
& SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

**CERTIFICATE OF SERVICE**

I, **H. SCOT SPRAGINS**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, February 1, 2010.

`/s/  H. Scot Spragins`
H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS  38655-0668
(662) 234-4000