**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

CHARLES SPANSEL and JANET SPANSEL,

                    Plaintiffs,

                  v.

STATE FARM FIRE AND CASUALTY
COMPANY, et al.,

                    Defendants.

No.: 1:08-CV-1516-LG-RHW

**STATE FARM FIRE AND CASUALTY COMPANY'S MOTION *IN LIMINE* NO. 8:**
**FOR A RULING THAT PLAINTIFFS' ACCEPTANCE AND RETENTION OF FLOOD**
**INSURANCE PAYMENTS CONSTITUTES A BINDING ADMISSION THAT AT LEAST**
**THAT AMOUNT OF FLOOD DAMAGE OCCURRED TO PLAINTIFFS' PROPERTY**

State Farm Fire and Casualty Company ("State Farm") respectfully moves *in limine* for a determination that Plaintiffs' acceptance and retention of flood insurance payments constitutes a binding admission that their house and personal property sustained flood damage at least equal to the amount of the flood insurance payments.[1]

**I.    INTRODUCTION**

State Farm anticipates that, at trial, Plaintiffs will attempt to submit evidence and argument to contradict that their house and personal property sustained flood damage. However, after their house and personal property sustained damage during Hurricane Katrina, Plaintiffs submitted a flood insurance claim and were paid policy limits of $248,400 under their State Farm flood insurance policy. Jan. 6, 2010 Order [50] at 2 ("The flood policy had limits of $148,400 for the home and $100,000 for contents. . . . State Farm paid the limits on the flood policy . . ."). Plaintiffs have retained those payments. As shown below, it is well established that the acceptance and retention of flood insurance payments, as

---

[1] No separate memorandum in support is filed with this motion as the motion speaks for itself, and the relevant authorities are cited herein.

Plaintiffs have done here, is a binding admission by Plaintiffs that damage in the amount of those payments was in fact caused by flood. This Court should apply this well-established precedent and enter an Order stating that Plaintiffs' acceptance and retention of flood insurance benefits constitutes a binding admission that their house sustained at least $148,400 in flood damage and their personal property sustained at least $100,000 in flood damage.

II.    PLAINTIFFS' ACCEPTANCE AND RETENTION OF FLOOD INSURANCE BENEFITS CONSTITUTES A JUDICIAL ADMISSION THAT AT LEAST THAT AMOUNT OF DAMAGE WAS CAUSED BY FLOOD

Judge Senter has repeatedly held that "the plaintiffs' receipt of flood insurance benefits constitutes a judicial admission that flood damage occurred and precludes the plaintiffs' denying that at least the amount of damage represented by the flood insurance payment was caused by flooding." *McIntosh v. State Farm Fire & Cas. Co.*, 2008 WL 1776409, *2 (S.D. Miss. Apr. 14, 2008) (Senter, J.) Thus, "[b]y offering and accepting the flood insurance policy limits, the parties have indicated their agreement that at least to the extent of these benefits the damage to the insured property was caused by flooding, and the parties are [] judicially estopped from denying this." *Mills v. State Farm Fire & Cas. Co.*, No. 1:07CV73 LTS-RHW, 2007 WL 1514021, at *5 (S.D. Miss. May 21, 2007).

Numerous decisions by Judge Senter reinforce the underlying insurance principle that "the claimant may recover under all available coverages *provided that there is no double recovery*." 15A Lee R. Russ & Thomas F. Segalla, *Couch on Insurance* § 56:34 (2d ed. 1983)) (emphasis added). *See Robichaux v. Nationwide Mut. Ins. Co.*, No. 1:06CV1165-LTS-RHW, 2007 WL 2783325, at *2 (S.D. Miss. Sept. 21, 2007) (Senter, J.) ("Once an insurance payment is made and accepted, this act establishes, as an admission by both the insurer and the insured, that the insured's losses were caused by an event covered by the policy under which the payment is made, at least to the extent of the amount paid and accepted."); *SIMA/Signature Lake, L.P. v. Certain Underwriters at Lloyds London*, No. 1:06CV186-LTS-RHW, 2006 WL 3538862, at *3 (S.D. Miss. Dec. 7, 2006) ("Where one insurer, in this

2

instance the flood insurer, has settled an insured's claim by paying policy limits, the insured may be estopped from recharacterizing, as wind damage, losses for which he has accepted flood insurance compensation."); *Gemmill v. State Farm Fire & Cas. Co.*, No. 1:05CV692-LTS-RHW, slip op. at 2 (S.D. Miss. Mar. 15, 2007) (plaintiff's acceptance of $128,100 under his flood policy was "an admission by the plaintiff that at least this amount of damage was done by storm surge flooding").[2]

Judge Ozerden is also in accord with Judge Senter's precedent on the matter. Judge Ozerden held in a recent Hurricane Katrina case that "Plaintiffs' receipt of flood insurance benefits constitutes an admission that flood damage occurred," at a minimum, "'to the extent of the amount paid and accepted.'" *Fowler v. State Farm Fire & Cas. Co.*, No. 1:06CV489-HSO-RHW, 2008 WL 305417, *8 (S.D. Miss. July 25, 2008) (Ozerden, J.) (quoting *Robichaux*, 2007 WL 2783325, at *3).

---

[2] *See also Schmermund v. Nationwide Mut. Ins. Co.*, No. 1:07CV1213-LTS-RHW, 2008 WL 5169369, at *2 (S.D. Miss. Dec. 5, 2008) (Senter, J.) (because of the plaintiff's application and receipt of flood payments, "Plaintiff will not be allowed to deny that the insured property experienced damage to some extent from the effects of storm surge flooding "); *Sanders v. Nationwide Mut. Fire Ins. Co.*, No. 1:07CV98-LTS-RHW, 2008 WL 5120679, at *1 (S.D Miss. Dec. 3, 2008) (Senter, J.) ("I have ruled in this and other cases that acceptance of flood insurance benefits is an admission by the recipient that the insured property was damaged by storm surge flooding to the extent of the SFIP benefits accepted."); *Holmes v. Meritplan Ins. Co.*, No. 1:07CV680-LTS-RHW, 2008 WL 4615439, at *1 (S.D. Miss. Oct. 16, 2008) (Senter, J.) ("Plaintiffs are estopped from denying that their insured property experienced damage to some extent from the effects of storm surge flooding at least in the amount of flood benefits that have been paid."); *Dickinson v. Nationwide Mut. Fire Ins. Co.* , No. 06cv198-LTS-RHW, 2008 WL 2568140, at *1 (S.D. Miss. June 24, 2008) (Senter, J.) ("I agree with Nationwide's contention that the plaintiffs' grant application and the receipt of the grant itself constitutes an admission that some of the damage to the plaintiffs' home was caused by flooding."); *Espinosa v. Nationwide Mut. Fire Ins. Co.*, No. 1:06CV896-LTS-RHW, 2008 WL 276534, at *1 (S.D. Miss. Jan. 30, 2008) (Senter, J.) ("Plaintiffs Mario and Rose Espinosa, having accepted flood insurance benefits of $250,000, have admitted that at least $250,000 of the damage done to their insured property was attributable to flood damage."); *Huynh v. State Farm Fire & Cas. Co.*, No. 1:06CV1061-LTS-RHW, 2008 WL 80759, at *1 (S.D. Miss. Jan. 7, 2008) (Senter, J.) ("[A]ll parties should be mindful of the Court's position that receipt of payment under a flood insurance policy usually establishes that at least that amount of flood damage occurred, and that this amount is factored into any ultimate recovery."); *Mills v. State Farm Fire & Cas. Co.*, No. 1:07CV73-LTS-RHW, 2007 WL 1514021, at *5 (Senter, J.) (S.D. Miss. May 21, 2007) ("By offering and accepting the flood insurance policy limits, the parties have indicated their agreement that at least to the extent of these benefits the damage to the insured property was caused by flooding, and the parties are now judicially estopped from denying this."); *Aiken v. Rimkus Consulting Group, Inc.*, No. 1:06CV741-LTS-RHW, 2007 WL 4245906, at *1 (S.D. Miss. Nov. 29, 2007) (Senter, J.) (same); *Letoha v. Natinowide Ins. Co.*, No. 1:06CV1009-LTS-RHW, 2007 WL 2059991, *2 (S.D. Miss. July 12, 2007) (Senter, J.) ("By accepting benefits tendered under a flood insurance policy, an insured makes a judicial admission that the insured property sustained flood damage at least equal to the flood insurance benefits he accepts.").

Federal courts in the Eastern District of Louisiana have also joined the great weight of authority on this issue. In *Esposito v. Allstate Insurance Co.*, No. 06-1837, 2007 WL 1125761 (E.D. La. Apr. 16, 2007), the court held that the insurance company defendant was entitled to an offset for what the plaintiff had received under his flood policy, *See id.* at *1-2, because a double recovery would be impermissible:

> [The plaintiff] is entitled to recover in this lawsuit any *previously uncompensated losses* that are covered by his homeowner's policy *and which when combined with his flood proceeds do not exceed the value of his property.* [The plaintiff] is not entitled to obtain a windfall double recovery by now recharacterizing as wind damage those losses for which he has already been compensated by previously attributing them to flood waters.

*Id.* at *2 (emphasis in original); *accord Mui v. State Farm Fire & Cas. Co.*, No. 06-8238, 2007 WL 5433485, at *2 (E.D. La. July 26, 2007) (Zainey, J.) ("By accepting the flood proceeds Plaintiffs tacitly confirmed that the damages identified were caused by flood."). Likewise, in *Ferguson*, Judge Berrigan in the Eastern District of Louisiana applied an offset for flood insurance payments even though the plaintiffs "never stated nor signed a proof of loss alleging their home was destroyed solely as a result of flooding." *Ferguson v. State Farm Ins. Co.*, 2007 WL 1378507, at *4 (E.D. La. May 9, 2007) (Berrigan, J.).[3] *See also Mayton v. Auto-Owners Ins. Co.*, No. Civ. A.3:05CV667, 2006 WL 1214831, at *3 (E.D. Va. May 2, 2006) (evidence that plaintiffs had claimed and received flood insurance compensation "constitute[d] an admission against interest" in their action to recover benefits under a homeowners policy."); *Gaffney v. State Farm Fire and Casualty Co.*, No. 06-8143, 2008 WL 941717 *4 (E.D. La.

---

[3] *See also Ragas v. State Farm Fire & Cas. Co.*, 2008 WL 425536, at *6 (E.D. La. Feb. 11, 2008) (Engelhardt, J.) (holding that plaintiff was not entitled to "obtain a windfall double recovery"); *Weiss v. Allstate Ins. Co.*, No. 06-3774, 2007 WL 891869, at *3 (E.D. La. Mar. 21, 2007) (Vance, J.) (recognizing "the well-established propositions that insurance contracts are contracts of indemnity and that an insured cannot recover an amount greater than her loss"); *Wellmeyer v. Allstate Ins. Co.*, 2007 WL 1235042, at *2 (E.D. La. Apr. 26, 2007) (Feldman, J.) (recognizing that plaintiffs "may not enjoy a double recovery for the same lost property" under their flood and homeowners policies); *Louque v. State Farm Fire & Cas. Co.*, 2007 WL 1343636, at *2 (E.D. La. May 4, 2007) (McNamara, J.) (observing that "an insured cannot recover twice for a single loss"); *Boudoin v. State Farm Ins. Cos.*, 2007 WL 2066853, at *4 (W.D. La. July 13, 2007) (Melancon, J.) (holding that plaintiffs were not entitled to a double recovery); *see generally Wellmeyer*, 2007 WL 1235042, at *2-3 & n.2 (citing cases).

Apr. 7, 2008) ("[P]laintiffs cannot have it both ways, i.e., treating the loss as caused totally by wind when they litigate the homeowner's policy, but accepting their flood limits as though the loss were caused by flood under the policy.").

Moreover, Fifth Circuit precedent prohibits a party from attempting to contradict a binding admission, such as a judicial admission here. The law provides that a judicial admission is "'conclusive'" and "binding on the party making [it]." *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476-77 (5th Cir. 2001) (citation omitted). It "has the effect of withdrawing a fact from contention" and may not be "controverted or explained by the party who made it." *Id.* This form of judicial estoppel is necessary to "'protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" *Khan v. Hakim*, 201 F. App'x 981, 984 (5th Cir. 2006) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)); *see, e.g.*, *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004) ("It is intended to prevent the perversion of the judicial process and a party from "'playing fast and loose' with the courts." (citation omitted)).

Accordingly, under well-established precedent from judges in this district and other districts adjudicating Hurricane Katrina litigation, Plaintiffs' receipt and retention of flood insurance payments is a binding admission that their property sustained flood damage at least up to $148,400 for the home and $100,000 for contents. Nor may Plaintiffs present evidence or argument to contradict their admission.

## III.   CONCLUSION

WHEREFORE, for all the reasons set forth herein, State Farm respectfully submits that this Court find Plaintiffs' acceptance and retention of flood insurance benefits constitutes a binding admission that their house sustained at least $148,400 in flood damage and their personal property sustained at least $100,000 in flood damage.

Dated:  February 1, 2010

Respectfully submitted,


/s/  H. Scot Spragins
H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA
& SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I, **H. SCOT SPRAGINS**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, February 1, 2010.

/s/  H. Scot Spragins
H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS  38655-0668
(662) 234-4000