IN THE DISTRICT COURT UNITED STATES
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES SPANSEL**
**and JANET SPANSEL**                                                                                   **PLAINTIFFS**

**V.**                                             **CIVIL ACTION NO. 1:08cv1516 LG RHW**

**STATE FARM INSURANCE COMPANY,**
**STEVE SAUCIER, Individually and as Agent**
**of STATE FARM INSURANCE CO.,**
**and JOHN DOES 1-10.**                                                                                  **DEFENDANTS**

**PLAINTIFFS' SECOND MOTION *IN LIMINE*: TO EXCLUDE ANY AND ALL**
**INFORMATION REQUIRED BY RULE 26(a) NOT PROVIDED BY DEFENDANTS**

COMES NOW the Plaintiffs and respectfully move this Court to preclude any testimony or evidence at any stage of the trial which should have been included in Defendants' 26(a) disclosures but Defendants failed to so provide before the applicable deadline, and that counsel for the Defendants be instructed to apprise each of their witnesses of the contents of this motion, to the end that such motion not be inadvertently violated by a witness. Plaintiffs set forth the basis for its Motion as follows:

1.      Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure requires that "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties (I) the name and, if known, the address and telephone number of each individual likely to have discoverable information- along with the subjects of that information- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." A party is required to make these disclosures and to supplement or correct them in accordance with Rule 26(e)(1)(A) "in a timely manner if the party learns that in some material respect the disclosure is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Further, "a party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Fed.R.Civ.P. 26(a)(1)(E).

2. The penalty for failure to provide the information required by Rule 26(a) and the local rules of this court is that the offending party is "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or *at a trial*, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1); Unif. Loc. R. 26.1(A)(5), (emphasis added).

3. This sanction is anticipated to provide "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence" at any hearing, inicluding the trial, by the deadline. See Advisory Committee Note to Rule 37. The duty to supplement disclosures is not license to delay or strategically postpone disclosure of relevant information. *Equal Employment Opportunity Commission v. Mazzanti*, 2009 WL 927426 (N.D.Miss. 2009). After all, the basic purpose of Rule 26(e) has been held to be to prevent a party from being prejudicially surprised by information presented at trial. *Id*., quoting *Reed v. Iowa Marine and Repair Corp*., 16 F.3d 82, 85 (5th Cir. 1994).

4. Plaintiffs additionally request relief from the local rule requiring a separate Memorandum of Law in support of the response. It is submitted that sufficient facts and law are contained in this response to fully and adequately address the issues before the court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for an order *in limine* limiting the defendants to putting on any evidence required to be included in the 26(a) disclosures but which were not so provided by the Defendants, so as to uphold this fundamental purpose of preventing prejudicial prejudice to the Plaintiffs at trial.

Respectfully submitted, this the 1st day of February, 2010.

                                        PLAINTIFFS, CHARLES and JANET SPANSEL

                                        BY:    *s/ Edward Gibson*
                                        EDWARD GIBSON

**OF COUNSEL:**

John F. Hawkins, Esq., MS Bar Roll No. 9556
C. Edward Gibson, Esq., MS Bar Roll No. 100640
Rose M. Hurder, Esq., MS Bar Roll No. 103040
HAWKINS, STRACENER & GIBSON, PLLC
153 Main Street
Bay St. Louis, MS 39520
Ph. (228) 469-0785; Fx. (228) 467-4212

**CERTIFICATE OF SERVICE**

      I certify that I have electronically filed the above and foregoing *Plaintiffs' Second Motion In Limine: To Exclude Any and All Information Required by Rule 26(a) Not Provided by Defendants* with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record as indicated below:

H. SCOT SPRAGINS
HICKMAN, GOZA & SPRAGINS, PLLC
Post Office Drawer 668
Oxford, MS 38655-0668

I further certify that there are no non ECF users among counsel.

SO CERTIFIED, this the 1st day of February, 2010,

                                          *s/ Edward Gibson*
                                          EDWARD GIBSON