IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES SPANSEL
and JANET SPANSEL                                                                    PLAINTIFFS

V.                                              CIVIL ACTION NO. 1:08cv1516 LG RHW

STATE FARM INSURANCE COMPANY,
STEVE SAUCIER, Individually and as Agent
of STATE FARM INSURANCE CO.,
and JOHN DOES 1-10.                                                                  DEFENDANTS

**PLAINTIFFS' FOURTH MOTION *IN LIMINE* REGARDING USE
AND EFFECT OF PAYMENTS MADE UNDER FLOOD POLICY**

COME NOW the Plaintiffs, by and through counsel, and move this Court *in limine* to enter an Order prohibiting the Defendants, State Farm Insurance Company, its counsel, representatives, agents, employees, or witnesses from referencing or attempting to utilize at trial of this cause any evidence, testimony, or argument relating to the payment of proceeds to the PlaintiffS under an NFIP flood policy. Further in the event said evidence comes in, it is submitted that an appropriate jury instruction should be crafted to fairly address the evidence in this respect so that neither party is unduly prejudiced under the law. In support of this Motion *in Limine,* Plaintiffs would state unto the Court the following, to-wit:

1.

Plaintiffs first want to make it clear to this Court that no claim is made in this case under the NFIP policy. In fact, Plaintiffs expressly disclaimed any causes of action under federal law in their complaint. This case is about whether State Farm owes Plaintiffs benefits under the completely separate homeowners' policy of insurance and whether defendant conducted a reasonable, good faith investigation of the homeowners' claim. This case also raises the issue of whether State Farm had an arguable, good faith reason for denying the plaintiffs' homeowners' claim in its entirety. This Motion

is filed in order to address State Farm's anticipated contention at trial relative to the flood pay issue. The law clearly allows Plaintiffs to seek payments for their claims under ***all*** available insurance. The Defendants should not be given a discount or benefit for damage to the structure or the contents which was caused by wind, just as the Plaintiffs should not be permitted a double recovery. The best way to assure that this does not happen is for the Court to exclude evidence of the acceptance of flood insurance proceeds and handle the payment of flood insurance proceeds in the form of a jury instruction.

**2.**

No doubt, Plaintiffs cannot be paid twice for the same damages. It should be equally true that State Farm should not gain an advantage from an "admission" or somehow get credit for monies paid by the U.S. Government under a separate policy of insurance that is not in dispute in the case at hand. It is submitted that the proper manner of handling Plaintiffs' payment for some damages as a result of Hurricane Katrina under their NFIP policy is to address that after a compensatory award is made under the homeowners' policy and the jury has made a determination of the total damages suffered by Plaintiffs as a result of Hurricane Katrina. At that point, this Court can address the payment previously made under the NFIP policy and take appropriate action to ensure that Plaintiffs are not paid twice for the same damages.

**3.**

Plaintiffs acknowledge that this Honorable Court has decided in other Katrina litigation that acceptance of flood proceeds may constitute a judicial admission of some sort. This motion seeks to have the Court reconsider its prior rulings on similar issues in the context of the facts in this particular litigation.

**4.**

Alternatively, it is submitted that the manner in which any such evidence is allowed at trial, and

the jury instruction that addresses any such evidence, greatly impacts the jury's consideration of the issues.

**5.**

Plaintiffs purchased a flood insurance policy and receipt of policy benefits because of that purchase should be treated as a collateral source and excluded under the collateral source doctrine. Moreover, receipt of flood insurance proceeds is irrelevant. Alternatively, any relevance of such evidence is outweighed by issues of undue prejudice, confusion, and other Rule 403 considerations.

**6.**

The issue in this case relates to Plaintiffs' entitlement to policy proceeds under their homeowners policy issued by Defendant State Farm. Plaintiffs will establish that substantial proceeds should have been paid under the homeowners' policy and that Defendant's failure to do so is a result of gross negligence and bad faith conduct, including lack of adequate investigation and delay and denial of their homeowners' claims in their entirety without arguable or justifiable basis. Thus, for the reasons established in Plaintiffs' Fourth Motion *in Limine* Regarding Evidence outside the claim file, the Plaintiffs respectfully request that such evidence be excluded.

**7.**

As with any collateral source, Defendant should not be permitted to mitigate its own liability by using proceeds paid under an entirely different policy backed by the United States government. *See, Thornton v. Sanders,* 756 So. 2d 15, 18 (Miss.App. 1999), and cases cited therein.

**8.**

Nothing in the State Farm homeowners' policy allows Defendant to utilize the flood insurance proceeds to its benefit.

**9**.

Plaintiffs were not required to sign any proof of loss or other statement in order to receive flood

proceeds from the United States government. Indeed, Plaintiffs were not required to acknowledge or attribute any of the damage in question to flood. Moreover, Plaintiffs were not provided with any prior notice that Defendant would attempt to use the acceptance of flood insurance proceeds, limited as they were, in mitigation of contract benefits owed under the State Farm homeowners' policy. Thus, no election of remedies or judicial admission or estoppel applies in this case. *See, e.g., Reyes v. Delta Dallas Alpha Corp.,* 199 F.3d 626 (2nd Cir. 1999)(Jones Act seaman's acceptance of voluntary interim payments from the New York Workers Compensation Board did not waive entitlement to damages under the Jones Act where seaman never received a formal workers' compensation award settling the matter of his injury and never advanced an intention to waive redress under the Jones Act); *see also, Harrison Co. v. Norton,* 146 So. 2d 327 (Miss. 1962). In *Norton*, the Mississippi Supreme Court discussed in detail the analogous situation of whether a workers compensation claimant could recover benefits in one state and subsequently claim benefits under the Mississippi act. Concluding that receipt of benefits under another state's workers' compensation act would not bar entitlement under the Mississippi act, the Court held that where the statute does not make receipt of benefits exclusive, then, subject only to the double recovery rule, successive awards in different states would be permitted. *See also, Genesis Ins. Co. v. Wausau Ins. Co.*, 343 F.3d 733 (5th Cir. 2003) (discussing Mississippi's "volunteer doctrine" whereby acceptance of payments voluntarily made may not affect entitlement to other benefits).

**10.**

There is no evidence to support a finding that Plaintiffs' acceptance of flood insurance proceeds was intended by them as an election of remedies or admission of cause of loss. Indeed, the proof is uncontradicted that Plaintiffs vigorously pursued their claims under the homeowners' policy.

**11.**

Proof of payment of flood insurance proceeds should also be excluded as it is not relevant to any

issue in this case. Specifically, the payment of flood insurance benefits is not probative of the extent to which wind caused damage to the home.

**12**

Evidence of receipt of flood insurance proceeds should be excluded under Rule 403. Even if relevant, which Plaintiffs contend it is not, proof of receipt of flood insurance proceeds should be excluded under Fed. R. Evid. 403 as unduly prejudicial and causing confusion of the issues and misleading of the jury. Because the issue in this case for the jury to decide will be the extent to which a peril covered under the homeowners policy caused damage to Plaintiffs' property, the amount received by Plaintiffs under a policy covering other perils, which payments were made voluntarily and without requirement of any affirmation by Plaintiffs, has little probative value. Any such probative value would be strongly outweighed by considerations of confusion, undue prejudice, delay and misleading the jury. Plaintiffs are not seeking a double recovery in this case. Instead, they are seeking a determination that the evidence be limited to the issues.

**13.**

In order to prevent any double recovery, the court may make a deduction for the flood proceeds previously paid, if necessary to prevent double recovery, post verdict in this case.

**14.**

Alternatively, should any evidence be permitted on the issue of accepting flood payments, Plaintiffs should be permitted to present evidence of the circumstances surrounding that decision and payment in order to avoid confusion of the jury. Further, in the event any such evidence comes in at trial, a jury instruction should be carefully crafted to appropriately address the issue of the flood pay determination by State Farm, the source of the funds, the fact that Plaintiffs' did not make that determination and other matters in order to clarify the issues and avoid confusion and/or prejudice to either side at trial.

**15.**

Plaintiffs additionally request relief from the local rule requiring a separate Memorandum of Law in support of the motion. It is submitted that sufficient facts and law are contained in this motion to fully and adequately address the issues before the court.15

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court will enter its order prohibiting Defendant from offering any evidence, testimony, or argument relating to any payments of flood insurance proceeds made to Plaintiffs. Plaintiffs pray for such other and further relief as may be deemed appropriate.

Respectfully submitted, this the 1st day of February, 2010.

CHARLES SPANSEL and JANET SPANSEL


_s/Edward Gibson_____
BY: EDWARD GIBSON

**OF COUNSEL:**

John Hawkins, MS Bar No. 9556
Edward Gibson, MS Bar No. 100640
Rose M. Hurder, MS Bar No. 103040
*HAWKINS, STRACENER & GIBSON, PLLC*
153 Main Street
Bay St. Louis, MS 39520
Ph.(228) 469-0785; Fx. (228) 467-4212

**CERTIFICATE OF SERVICE**

    I, Edward Gibson, do certify that I have electronically filed the above and foregoing *Plaintiffs' Fourth Motion in Limine Regarding Use and Effect of Payments Made under Flood Policy* with the Clerk of Court using the ECF system which sent notification of such filing to the following:

H. Scot Spragins
*HICKMAN, GOZA, & SPRAGINS*
P.O. Box 668
Oxford, MS 38655-066818

SO CERTIFIED, this the 1st day of February, 2010.

                                              *s/Edward Gibson*
                                              EDWARD GIBSON