IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES SPANSEL**
and **JANET SPANSEL**                                                                      **PLAINTIFFS**

V.                                                      **CIVIL ACTION NO. 1:08cv1516 LG RHW**

**STATE FARM INSURANCE COMPANY,**
**STEVE SAUCIER, Individually and as Agent**
**of STATE FARM INSURANCE CO.,**
**and JOHN DOES 1-10.**                                                                **DEFENDANTS**


**PLAINTIFFS' FIFTH MOTION IN LIMINE TO EXCLUDE ANY AND ALL
VIDEO, PHOTOGRAPHS, AND WRITTEN STATEMENTS WHICH DO
NOT DEPICT OR OTHERWISE RECORD EVENTS OCCURRING
WITHIN A ONE MILE RADIUS OF THE SPANSEL HOME**

**I. Introduction**

COME NOW the Plaintiffs and respectfully move this Court to exclude any and all video, photographs, and written statements which do not depict or otherwise record events occurring within a one mile radius of the Spansel home. The introduction of any such evidence would be in violation of Fed. R. Evid. 401, 402, 403, 801, and 802. Furthermore, this Court via its own Order has limited discovery of State Farm documents in previous Hurricane Katrina cases to those within one mile of the specific subject property and has therefore implicitly limited evidence to within one mile of the Spansel home.

**II. Exclusion of Site Specific Information—Videos, Photographs and Other Evidence—Which is not Within One Mile of the Spansel Residence Is Consistent With the Prior Orders of This Court.**

Ruling for the Federal Court, Judge Magistrate Walker opined:

> Accordingly, this Court finds that the payments made by State Farm under its policies of insurance to its insureds for damages sustained to nearby and adjacent insured properties resulting from winds are

> reasonably calculated to lead to the discovery of admissible evidence in the instant matter.
>
> The Plaintiffs have requested claims information for insured properties within a one-half mile radius of the subject location. This Court's previous decision in Leonard v. Nationwide Insurance Company, Civil Action No. 1:05-cv-00475-LTS-RHW, rather than setting forth a specific geographic radius allowed for production of claims information within a "reasonably close physical proximity." Muller v. State Farm Fire & Cas. Co., 2007 WL 1031651 (S.D.Miss., 2007).

The Plaintiffs submit that a one mile radius is a reasonable distance and that anything beyond that is not relevant to the Plaintiffs' claim. The Plaintiffs would move to exclude any video, eyewitness reports, interviews, or any recordings related to Hurricane Katrina of any kind or nature which do not depict events which occurred within one mile of the Plaintiffs residence.

**III.    The Court Should Exclude Site Specific Information—Videos, Photographs and Other Evidence—Which is Not Within One Mile of the Spansel Home Consistent With Miss. R. Evid. 402.**

Following the spirit and design of Miss. R. Evid. 401 and 402, the Mississippi Supreme Court has ruled that Evidence is relevant if it has "*any tendency to prove a consequential fact.*" Juarez v. State, 965 So.2d 1061, 1065 (Miss. 2007). Relevancy is defined as evidence, "having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable...." Miss. R. Evid. 401. In refining the definition, the Mississippi Supreme Court has ruled that "Relevancy requires only that the proffered evidence appear calculated to alter the probabilities of some fact of consequence in the suit." Mississippi State Highway Commission v. Dixie Contractors, Inc., 375 So.2d 1202, 1205 (Miss., 1979).

The evidence which the Defendant may seek to admit is not relevant because it does not tend to make the existence of any fact more or less probable. Because of the geographic remoteness and because of the dissimilar geographic conditions, such evidence does not prove anything relative to wind

speeds, storm surge level relative to the elevation of the land, time of storm surge and because it cannot make these facts more or less probable, it does not make the degree of damage more or less probable.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request this Court enter an Order prohibiting State Farm from offering any and all video, photographs, and written statements which do not depict or otherwise record events occurring within a one mile radius of the Spansel home and preventing Counsel from State Farm from making any reference to and/or argument regarding same in the presence of the Jury, and granting any and all additional relief, in favor of the Plaintiffs, deemed appropriate by this Honorable Court.

Respectfully submitted, this the 1st day of February, 2010,

CHARLES  SPANSEL  and  JANET  SPANSEL


  *s/Edward Gibson*
EDWARD GIBSON

**OF COUNSEL:**

John Hawkins, MS Bar No. 9556
Edward Gibson, MS Bar No. 100640
Rose M. Hurder, MS Bar No. 103040
*HAWKINS, STRACENER & GIBSON, PLLC*
153 Main Street
Bay St. Louis, MS 39520
Ph.(228) 469-0785; Fx. (228) 467-4212

**CERTIFICATE OF SERVICE**

  I, Edward Gibson, do certify that I have electronically filed the above and foregoing *Plaintiffs' Fifth Motion in Limine to Exclude Any and All Video, Photographs, and Written Statements Which Do Not Depict or Otherwise Record Events Occurring Within a One Mile Radius of the Anthony Home* with the Clerk of Court using the ECF system which sent notification of such filing to the following:

H. Scot Spragins
HICKMAN, GOZA, & SPRAGINS
P.O. Box 668
Oxford, MS 38655-066818

SO CERTIFIED, this the 1st day of February, 2010,

                 *s/Edward Gibson*
                 EDWARD GIBSON