IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES SPANSEL and JANET SPANSEL,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, et al.,<br><br>Defendants. | No.: 1:08-CV-1516-LG-RHW |

**STATE FARM FIRE AND CASUALTY COMPANY'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION *IN LIMINE* NO. 1: TO BIFURCATE TRIAL AND TO
PRECLUDE EVIDENCE OF OR REFERENCE TO CLAIMS FOR EXTRA-CONTRACTUAL
AND PUNITIVE DAMAGES PRIOR TO A FINDING OF COVERAGE UNDER THE POLICY**

State Farm Fire and Casualty Company ("State Farm") respectfully submits its Memorandum of Law in Support of its Motion *in Limine* No. 1 to move this Court, pursuant to Mississippi law and Federal Rule of Civil Procedure 42(b), for an order *in limine* bifurcating the trial of Plaintiffs' claims in the manner set forth herein and limiting the use of evidence in each phase in accordance therewith.

**I.     Introduction**

Mississippi substantive law requires a "barrier" of separation between the "fundamental issue of liability and the inflammatory issue of egregious conduct" by dividing "both the *issue* and the *evidence* regarding punitive damages" from the underlying question of whether Plaintiffs are due any additional homeowners insurance payments. *Hartford Underwriters v. Williams*, 936 So. 2d 888, 897 (Miss. 2006) (emphasis added). To commingle a "close issue of [coverage] . . . with testimony concerning the issue of how [the insurer] investigated [coverage issues]" is error. *Id.*

State Farm submits that, to carry out the principles set forth in *Hartford*, a bifurcated trial is necessary, separating coverage and breach of contract claims (phase one) from claims for negligence, estoppel, detrimental reliance, punitive damages, and extra-contractual damages (phase two). Pursuant to Federal Rule of Civil Procedure 42(b), this Court has discretion to order separate phases for the trial of these discrete issues. *See O'Malley v. U.S. Fidelity & Guaranty Co.*, 776 F.2d 494, 500 (5th Cir. 1985) ("By the explicit language of Fed. R. Civ. P. 42(b), the court has discretion to order separate trials of particular issues 'in furtherance of convenience, or to avoid prejudice, or when separate trials will be conducive to expedition and economy.'").

Accordingly, State Farm moves that the trial of this case be bifurcated as follows:

1.     In phase one, the Court should determine whether Plaintiffs' loss was covered under the homeowners policy and, if so, the extent and value of covered damages,

    if any. The Court should also adjudicate the remaining portion of the declaratory relief claim, which is purely a matter of law.[1]

  2.  If the covered damages are found in phase one, then the Court, in its role as "gatekeeper," should then conduct a separate evidentiary hearing, as required by Mississippi Code Section 11-1-65(1)(c), to determine whether the issues related to punitive damages should be submitted to the jury. If the Court determines that the issues related to punitive damages should be submitted to the jury, then in phase two, the Court should try Plaintiffs' alleged claims for punitive and extra-contractual damages. The Court should also try Plaintiffs' alleged claims for negligence, estoppel, and detrimental reliance in phase two.

As discussed below, bifurcating the trial in this manner furthers the goals of efficiency and judicial economy and promotes fairness. Such a bifurcated trial also accords with Judge Senter's familiar practice that "the only issue that will be tried in phase one is the coverage claim." *Schmermund v. Nationwide Mut. Ins. Co.*, 2008 WL 5169396, at *3 (S.D. Miss. Dec. 5, 2008) (Senter, J.) *accord Politz v. Nationwide Mut. Fire Ins. Co.*, 2009 WL 1505384, at *1 (S.D. Miss. May 28, 2009) (Senter, J.). Only if Plaintiffs demonstrate an entitlement to additional insurance payments might "non-contractual damages . . . come into play." *Schmermund*, 2008 WL 5169396, at *3; *see also Politz*, 2009 WL 1505384, at *1 ("[N]on-contractual damages – mental and emotional distress, for example – potentially do not come into play until after the first phase.").

## II. Under Mississippi Law, Claims and Evidence Related to Plaintiffs' Breach of Contract Claim Should Be Tried Separately from Claims and Evidence Arising from State Farm's Claims Handling

As a matter of law, Plaintiffs' claims for additional coverage payment should be tried in a separate phase, divided from Plaintiffs' remaining claims for extra-contractual and punitive damages. Judge Senter has recognized in previous Hurricane Katrina cases that "the only issue" to be "tried in

---

[1] The Court granted partial summary judgment on the declaratory judgment claims. Jan. 6, 2010 Order [50] at 8-12.

phase one is the coverage claim." *Schmermund*, 2008 WL 5169396, at *3. Likewise, Mississippi statutory law requires that allegations related to punitive damages be tried in a separate phase from claims for compensatory damages. *See* Miss. Code. Ann. 11-1-65(1). Evidence of claims handling and why or on what basis any decision by State Farm was made have no relevance to whether Plaintiffs' loss is actually covered and, consequently, should not be permitted in the coverage phase of the trial. *See, e.g., Hartford Underwriters,* 936 So. 2d at 897-98; *Bradfield v. Schwartz,* 936 So. 2d. 931, 938 (Miss. 2006) ("[E]vidence which does not pertain to compensating the plaintiff but only pertains to proof that a punitive award is appropriate, should not be heard by the jury until liability has been determined.").

State Farm recognizes that Judge Senter has previously stated that "it is difficult to envision a breach of an insurance contract lawsuit without consideration of the policy provisions or the procedure utilized in handling the claim." *Payment v. State Farm Fire & Cas. Co.*, 2008 WL 5381925, at *3 (S.D. Miss. Dec. 18, 2008) (Senter, J.). State Farm agrees that the policy provisions are essential to determining coverage. The policy provisions along with evidence of what actually happened to Plaintiffs' property are all that is necessary and proper to ascertain coverage. Yet the procedure utilized in handling the claim has no relevance to what the terms of the policy state nor to what forces caused damage to Plaintiffs' property. Whatever procedure is used has no effect on the merit of the claim itself. A claim either stands or falls on its own merit, not on whether the investigation of that claim is proper or improper.

The only evidence *from* the claims investigation that would be relevant to the breach of contract claim would be information gathered regarding the cause of the loss, *e.g.*, photographs of the damages, observations regarding the physical condition of the property, and waterlines. Questions of the manner of claims-handling, *i.e.*, when adjusters investigated the claim and the investigative steps the adjusters took or should have taken, are all tort issues that relate to claims for negligence, extra-contractual damages, and punitive damages. Such issues arising from State Farm's investigation are "separable in

3

both law and fact from the contract claim asserted by an insured under the terms of the policy." *Hartford Underwriters*, 936 So. 2d at 895. Therefore, the first phase of trial should be limited to the merits of the insurance claim itself, not the merits of State Farm's investigation of the claim. *Id.* at 898; Miss. Code § 11-1-65(b).

The Supreme Court of Mississippi has held that coverage issues must be separated from the issues of the insurer's investigation because an insurer is likely to be unfairly prejudiced and a jury is likely to be confused when testimony regarding the issue of coverage is presented alongside "testimony concerning the issue of how [the insurer] investigated" coverage, *Hartford Underwriters*, 936 So. 2d at 897. As pronounced in *Hartford Underwriters*, to preserve the substantive rights of the insurer, Mississippi law requires that evidence related to coverage and breach of contract be presented separately from evidence related to punitive damages arising from State Farm's investigation and adjustment of Plaintiffs' insurance claim. *Id.* at 898. Therefore, in an insurance case where (as here) a plaintiff asserts both contract claims and bad faith claims, a bifurcated trial in the manner set forth above is the most fair and efficient method.

In *Hartford*, the jury was presented with evidence of a car accident and evidence of the respective fault of the drivers commingled with evidence of how Hartford Underwriters investigated the accident, including "alleged abuses committed by Hartford in handling and ultimately denying Williams's [insurance] claim." *Id.* By trying those issues together, the trial court erroneously disregarded Mississippi statutory law that "intended to insulate a jury from evidence meant to disparage the conduct of a defendant until after the jury had determined the defendant was liable." *Id.* at 898 (citing Miss. Code. Ann. § 11-1-65). The Mississippi Supreme Court reversed, ordered a new trial, and held as a matter of law that the new trial must first "strictly focus[] on the accident and the applicability of [uninsured motorist] coverage." *Id.* Only thereafter may the jury "hear inflammatory evidence regarding alleged abuses committed by Hartford in handling and ultimately denying" the insurance

4

claim." *Id.* at 897-98. It is "reversible error" to fail to "separate the contract claims issues from the bad faith issues." *Id.* at 898.

> We find that by trying the breach of contract issue along with the bad faith refusal issue, the circuit court not only allowed prejudicial evidence to be heard by the jury, it allowed *these two distinct claims to become terminally intertwined.* We find this issue raised by Hartford to have merit; therefore, we reverse and remand for a new trial.

*Id.* (emphasis added). The Mississippi Supreme Court is "in the best position to determine when claims arising under [state] law warrant separate trials," and, therefore, "the [state] Supreme Court's position on this issue is highly persuasive." *Greil v. Geico*, 2001 WL 1148118, at *1 (N.D. Tex. Sept. 18, 2001).

The Mississippi Supreme Court's decision in *Hartford Underwriters* is consistent with a long line of Mississippi cases holding that the issues of bad faith denial and punitive damages are severable from the issue of coverage. *See, e.g., Bradfield*, 936 So. 2d at 938-39 (reversing where trial court failed to hold a separate evidentiary hearing on punitive damages); *Billingsley v. United Tech. Motor Sys.*, 895 F. Supp. 119, 121 (S.D. Miss. 1995); *Weems v. Am. Sec. Ins. Co.*, 486 So. 2d 1222, 1226-27 (Miss. 1986); *State Farm Fire & Cas. Co. v. Simpson*, 477 So. 2d 242, 250 (Miss. 1985); *Blue Cross & Blue Shield v. Campbell*, 466 So. 2d 833, 842-44 (Miss. 1985); *Harbin v. Jennings*, 734 So. 2d 269, 275 (Miss. Ct. App. 1999) (reversing verdict on punitive damages that a jury reached without the statutory bifurcation of the issue: "The trial court's decision to permit the jury to consider both aspects of damages at the same time at a point when, if the jury had been properly instructed, the issue of 'whether compensatory damages are to be awarded' had not been resolved was in direct contravention of the statute, and, therefore, error.").[2]

---

[2] Other cases from within the Fifth Circuit are in agreement. *See, e.g., Employers Ins. of Wausau v. Trotter Towing Corp.*, 841 F.2d 633, 634 (5th Cir. 1988) (affirming "district court's decision to bifurcate the issues of coverage and bad faith"); *Pound v. Hull & Co, Inc.*, 1994 WL 1890926, at *3 (N.D. Miss. Oct. 27, 1994) (bifurcation of "the issue of coverage under the liability policy" from "the bad faith and [punitive] damages issues" was "necessary to avoid confusion . . . [and] prejudice to the defendants"); *see also Sobley v. S. Natural Gas Co.*, 210 F.3d 561, 565 (5th Cir. 2000) (holding that, on remand, "the trial court is instructed to submit the coverage issue to the jury, and if coverage is found, to instruct the jury [regarding punitive damages]"); *Fowler v.*
(cont'd)

5

The Mississippi Supreme Court's directive in *Hartford Underwriters* applies with equal force here. Plaintiffs' case is premised on the claim that State Farm breached its contractual obligation to provide coverage under Plaintiffs' homeowners policy for losses allegedly sustained during Hurricane Katrina. Mississippi's "substantive law will identify which facts are material" for Plaintiffs' coverage claim. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Under Mississippi law, as set forth in *Hartford*, the "issue of how the [insurer] investigate[d]" the insurance claim is not relevant or admissible with respect to the determination of whether Plaintiffs' loss is covered under the insurance contract. *Hartford*, 936 So. 2d at 897. Mississippi law further provides that before Plaintiffs may seek extra-contractual or punitive damages on their claim for insurance benefits, they must first establish their right to compensatory damages. *See Broussard v. State Farm Fire & Casualty Co.*, 523 F.3d 618, 628 (5th Cir. 2008) ("Mississippi law does not permit parties to recover punitive damages unless they first prove that they are entitled to compensatory damages."); Miss. Code Ann. § 11-1-65(1)(c). It is settled under Mississippi law that a claim for bad faith denial of insurance benefits is "separable in both law and fact from the contract claim asserted by an insured under the terms of the policy." *Hartford Underwriters*, 936 So. 2d at 895. As stated by the Mississippi Supreme Court:

> [T]he bad faith/punitive damages claim is one separable in law and in fact from the contract claim asserted by an insured under the terms of the policy. This separability exists both with respect to the liability and damages features of the contract claim vis-à-vis the bad faith refusal claim.

---

*(cont'd from previous page)*
*State Farm & Fire Cas. Co.*, No. 1:06CV489, Order [389], at 1-2 (S.D. Miss. Aug. 18, 2008) (Ozerden, J.) (granting in part State Farm's motion for reconsideration and holding that the plaintiff's claims would be tried in three phases); *Webster v. USAA Cas. Ins. Co.*, 2007 WL 2127594, at *1 (S.D. Miss. July 23, 2007) (noting that "[i]n accordance with Mississippi law . . . [t]he issues of liability under the insurance contract and the measure of actual damages will be decided before the issue of punitive damages may be considered."). Accordingly, separation of Plaintiffs' claim for breach of contract from Plaintiffs' claims for negligence, extra-contractual damages, and punitive damages is clearly appropriate to avoid confusion and extreme prejudice to State Farm's constitutional right to a fair trial that will result from concurrently trying these issues.

*Weems*, 486 So. 2d at 1226. The Mississippi Legislature has codified the same principle: "the trier of fact shall first determine whether compensatory damages are to be awarded and in what amount, *before addressing any issues related to punitive damages*." Miss. Code Ann. § 11-1-65(b) (emphasis added).

These authorities require a barrier of separation between the evidence and issues related to breach of contract from the evidence and issues related to punitive and extra-contractual damages. Here, Plaintiffs' contract claim entirely depends on narrow factual determinations – whether the disputed damage to Plaintiffs' house was caused by Hurricane Katrina's wind forces, by Hurricane Katrina's water forces, a combination of those forces, or by some other force. But evidence regarding the manner in which State Farm adjusted Plaintiffs' homeowners claim is immaterial and irrelevant to what Hurricane Katrina physically did to Plaintiffs' property. Stated otherwise, testimony or evidence as to the physical condition of the property as observed or photographed by an adjuster would be relevant, but evidence regarding what adjusters and experts *should have* observed or other steps they *should have* taken would not be relevant. Therefore, the first phase of trial must "strictly focus" on the effects of Hurricane Katrina on Plaintiffs' property, and the Court should enter an order to that effect.[3]

### III.   A Bifurcated Trial as Requested Herein Is Proper Under Fed. R. Civ. P. 42(b)

As shown above, bifurcating the trial as set forth herein is consistent with the protections provided under Mississippi judicial decisions and under section 11-1-65 of the Mississippi Code, to which the Southern District of Mississippi has looked in other insurance cases presenting claims for extra-contractual and/or punitive damages. *See, e.g., Payment*, 2008 WL 5381925, at *3; *Huynh v. State Farm Fire & Cas. Co.*, 2008 WL 80759, at *1 (S.D. Miss. Jan. 7, 2008). Moreover, such a bifurcated

---

[3] In addition, during this first phase, proof tending to show the applicability of conditions or exclusions other than the water damage exclusion or the absence of coverage is proper. *See generally Sobley v. S. Natural Gas Co.*, 302 F.3d 325 (5th Cir. 2002) (evidence of any defense permitted to show lack of coverage); *accord Penthouse Owners Ass'n, Inc v. Certain Underwriters at Lloyd's, London*, 2008 WL 2725068, at *1 (S.D. Miss. July 10, 2008) (Senter, J.).

trial is also consistent with the purposes of Fed. R. Civ. P. 42 in that it will avoid the unfair prejudice to State Farm and confusion of the issues that is certain to result from admitting evidence of claims handling and alleged misconduct in the first phase. A bifurcated trial also has the potential to save significant time and judicial resources because, under Mississippi law, Plaintiffs' extra-contractual and punitive damages claims are contingent upon a finding that Plaintiffs are entitled to compensatory damages in the first place. *Broussard*, 523 F.3d at 628.

A.     **Phase One:  Evidence and Issues Relating to the Alleged Breach of Contract**

Federal courts within the Fifth Circuit have found the legislative mandate of bifurcated trials in section 11-1-65 as affirmed by the Mississippi Supreme Court to be "highly persuasive." *See Greil*, 2001 WL 1148118, at *1 (noting that state court decisions "aid the Court in determining whether separate trials should be ordered" because "[state] courts are in the best position to determine when claims arising under [state] law warrant separate trials" and that "the [state] Supreme Court's position on this issue is highly persuasive"). Mississippi federal district courts hearing claims arising under Mississippi law have bifurcated trials in accord with Mississippi's punitive damages statute. *See, e.g., Barnett v. Skelton Truck Lines, Ltd.*, 2006 WL 2056632, at *4 (S.D. Miss. July 21, 2006) (referring to "the strict requirements of § 11-1-65 regarding the necessity of bifurcated hearings for compensatory and punitive claims" and noting that "[i]f the plaintiff receives a compensatory damages award, then the court will try the punitive issue to the jury"); *Beck v. Koppers, Inc.*, 2006 WL 2228876, at *1 (N.D. Miss. Apr. 3, 2006) (noting that "the court will treat the issue of punitive damages as required by Mississippi Code Annotated § 11-1-65"); *Jones v. NL Indus.*, 2006 WL 1487026, at *4 (N.D. Miss. May 24, 2006) (reserving for later consideration defendant's motion for summary judgment on propriety of punitive damages "given that th[e] statute mandates bifurcated proceedings regardless").

Likewise, in *O'Malley v. U.S. Fidelity and Guaranty Co.*, the Fifth Circuit rejected the plaintiff's appeal of "the district court's bifurcation of the coverage and bad faith issues." 776 F.2d at 500. The

8

Fifth Circuit affirmed the district court's decision to try the matters separately, finding that the district court had properly declined to hear the claim of bad faith "after determining that there was no liability under the insurance policy." *Id.* In reaching this result, the Fifth Circuit reasoned:

> O'Malley [, the plaintiff,] has not presented, nor have we found, any Mississippi case allowing an insured to recover against an insurance company for alleged bad faith in handling a claim if the insured does not prevail on the issue of coverage. In fact, decisions involving Mississippi law indicate that the insured must establish not only that the insurer was liable on the policy, but that the insurer had no "arguable reasons" for denying coverage. *Since a recovery on the bad faith claim would not have been possible unless O'Malley prevailed on his coverage claim, the district court acted correctly in bifurcating the issues to avoid prejudice and to expedite the trial.*

*Id.* at 500-01 (citations omitted; emphasis added). The Fifth Circuit also affirmed the district court's ruling to exclude evidence "as to whether or not the [defendants] have engaged in some type of bad faith" from the first phase of trial except where such evidence was independently "relevant and material to the issue of whether [plaintiff was] owed the money under the policies." *Id.* at 501.

In the instant case, as in the cases discussed above, a bifurcated trial is necessary to prevent issue confusion and insulate the jury in phase one from inflammatory and prejudicial evidence regarding Plaintiffs' extra-contractual and punitive damages claims, while it considers the threshold issue of insurance coverage. *See, e.g., Hartford*, 936 So. 2d at 897. Unless bifurcation is ordered, Plaintiffs will almost certainly seek to present "inflammatory evidence regarding alleged abuses committed . . . in handling and ultimately denying [their] claim," thus improperly focusing the jury on "the manner in which [the insurer] handled [their] claim instead of . . . the simple issue of whether [the insurer] breached the parties' insurance contract." *Id.*

Evidence relating to State Farm's conduct in adjusting or handling Plaintiffs' claim has no bearing on the question of whether Plaintiffs' loss is covered and, if so, the extent of any covered damages. Rather, such evidence should be admitted only after the first phase of trial so that evidence related to claims handling cannot confuse the jury and unfairly prejudice their verdict on the threshold

9

issue of coverage. *See Hartford Underwriters*, 936 So. 2d at 896-97; *see also Bridges v. Enter. Prods. Co.*, 2007 WL 571074, at *3 (S.D. Miss. Feb. 20, 2007) (excluding evidence relevant only to punitive damages from liability and compensatory damages portion of trial); *Beck*, 2006 WL 2228876, at *1 (noting that "the court will not admit evidence during the first stage of the trial that is only relevant to punitive damages"); *Bradfield*, 936 So. 2d at 938 ("If punitive damages are indeed to be awarded within the limitations prescribed by [the punitive damages] statute, then evidence which does not pertain to compensating the plaintiff but only pertains to proof that a punitive damage award is appropriate, should not be heard until liability has been determined.").

In addition, State Farm anticipates that Plaintiffs will seek to confuse and unfairly prejudice the jury by attempting to introduce into evidence State Farm's Wind Water Claim Handling Protocol, which Plaintiffs may suggest is somehow evidence of bad faith on the part of State Farm. That document is consistent with its contractual obligations under State Farm's policies, and the document does not evidence bad faith or other culpable conduct.[4] However, whatever can be said for that document's relevance to claims handling issues – and there is none here – it is completely irrelevant to the question of insurance coverage. That document does not change the policy language or change what weather forces physically did to Plaintiffs' property. Those two considerations are all that is needed or permitted to determine coverage. Thus, allowing the Wind Water Claims Handling Protocol into evidence prior to a threshold coverage determination would lead to the precise sort of confusion and unfair prejudice

---

[4] In fact, the Mississippi Supreme Court's decision in *Corban v. U. Servs. Auto. Ass'n*, 20 So. 3d 601, 619 (Miss. 2009) as well as the Fifth Circuit's decisions in *Tuepker v. State Farm Fire & Cas. Co.*, 507 F.3d 346 (5th Cir. 2007), and *Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419 (5th Cir. 2007), implicitly endorse the propriety of the principles set forth in the Wind Water Claim Handling Protocol. Furthermore, the Fifth Circuit's decision in *Broussard* reversed Judge Senter's submission of the plaintiffs' punitive damages claim to the jury, which was based in part on the court's view of the Wind/Water Claim Handling Protocol. *Broussard v. State Farm Fire & Cas. Co.*, 2007 WL 268344, at *2 (S.D. Miss. Jan. 31, 2007), *rev'd*, 523 F.3d 618, 627-30 (5th Cir. 2008).

warned of in *O'Malley* and *Hartford Underwriters*.[5] Thus, the Court should enter an order excluding such evidence from the first phase of trial.

    **B.**    **Phase Two: Evidence and Issues Arising from Plaintiffs' Alleged Claims for Negligence, Estoppel and Detrimental Reliance and Punitive and Extra-Contractual Damages**

Before the commencement of phase two, the Court should decide whether Plaintiffs' claims for punitive and extra-contractual damages should go to the jury at all. That requires a preliminary determination by the Court as to whether State Farm had an arguable basis for its claim decision, which "'is an issue of law for the court.'". *See, e.g., Broussard*, 523 F.3d at 628 (citation omitted); *Pioneer Life Ins. Co. of Ill. v. Moss*, 513 So. 2d 927, 930 (Miss. 1987) ("When an insurer has an arguable basis for adjusting a claim, that basis "*utterly preclude[s]* the submission of the issue of punitive damages to the jury.") (first emphasis added). Moreover, "[i]n insurance contract cases, the trial court is responsible for reviewing all evidence before it in order to ascertain whether the jury should be permitted to decide the issues of punitive damages.' If, upon reviewing all the evidence, the district court concludes that the insurer acted in bad faith, or that reasonable minds could differ regarding whether the insurer acted in bad faith, then the district court should send the issue of punitive damages to the jury." *Id.* at 627 (citation omitted). If necessary, the Court should hold an evidentiary hearing in order to make these determinations outside the presence of the jury. Miss. Code. Ann. 11-1-65(1)(c).

If the Court determines that as a matter of law, there was an arguable basis for State Farm's decision, then the punitive and extra-contractual damages claims will be precluded. The second phase of the trial would then focus solely on Plaintiffs' alleged claims for negligence, estoppel, detrimental reliance. If the Court determines that whether there was an arguable basis for State Farm's decision is a matter for the jury to decide, then Plaintiffs' alleged claims for negligence, estoppel, detrimental reliance,

---

[5] The irrelevance and inadmissibility of evidence relating to the Wind Water Claim Handling Protocol is discussed in greater detail in a separate motion *in limine* filed contemporaneously.

11

punitive damages, and extra-contractual damages should be tried together in phase two. This promotes efficiency, because claims handling evidence, while irrelevant in the first phase, may have relevance to phase two claims. In fact, extra-contractual damages, like punitive damages, may be awarded only if Plaintiffs establish that State Farm had no arguable basis its adjustment. *See, e.g., Windmon v. Marshall*, 926 So. 2d 867, 874 & n.2 (Miss. 2006) (affirming directed verdict on extra-contractual damages because the insurer "had a reasonably arguable basis for denying the claim"); *Hans Construction Co., Inc. v. Phoenix Assurance Co. of N.Y.*, 995 F.2d 53, 56 (5th Cir. 1993) (Mississippi law "will allow extra-contractual damages for failure to pay on an insurance policy only when there is *no arguable reason* for such failure," and "[a]n arguable reason, therefore, shields the insurance company from liability for both punitive damages and extra-contractual damages") (emphasis in original); *Reece v. State Farm Fire & Cas. Co.*, 684 F. Supp. 140, 145-46 (N.D. Miss. 1987). Plaintiffs' claims for extra-contractual and punitive damages both share an essential element of proof, namely, whether State Farm had an arguable basis for its claims decision. *See Broussard*, 523 F.3d at 628. Accordingly, Rule 42(b)'s goals of efficiency and fairness will be best served by trying Plaintiffs' claims for extra-contractual damages together with Plaintiffs' claims for punitive damages.

Moreover, Plaintiffs' claims for attorney fees must be resolved by this Court if, and only if, there has been a finding of liability for punitive damages. Judge Senter has held "that attorney's fees are justified *where* punitive damages are awarded." *Schmermund*, 2008 WL 5169396, at *3 (emphasis added). Indeed, Mississippi law steadfastly adheres to the American Rule that a party is responsible for its own attorney fees absent an award of punitive damages. As the Fifth Circuit held, the "prevailing view" in Mississippi is that "attorney's fees are not recoverable absent an award of punitive damages." *Greer v. Burkhardt*, 58 F.3d 1070, 1075 (5th Cir. 1995); *see also Sobley*, 302 F.3d at 343. "In the absence of a showing of gross or willful wrong entitling the Movant to an award of punitive damages, the Mississippi Supreme Court has *never* approved of awarding attorneys fees to the successful litigant."

12

*Miller v. Allstate Ins. Co.*, 631 So. 2d 789, 795 (Miss. 1994) (emphasis added); *accord Spencer v. State Farm Mut. Ins. Co.*, 891 So. 2d 827, 830 (Miss. 2005) (same); *Miss. Power & Light v. Cook*, 832 So. 2d 474, 487 (Miss. 2002) (en banc) (same); *Aetna Cas. & Sur. Co. v. Steele*, 373 So. 2d 797, 801 (Miss. 1979) (same); *see* Miss. R. Civ. P. 54 cmt.[6]

Moreover, if an attorney fee award is considered, it is axiomatic in Mississippi that the decision to award attorney fees rests with the "sound discretion of the trial court" rather than the jury. *Cook*, 832 So. 2d at 478; *accord BellSouth Pers. Commc'n, LLC v. Bd. of Supervisors of Hinds Cty.*, 912 So. 2d 436, 446 (Miss. 2005); Miss. Code Ann. § 11-55-7. An attorney fees award must be reasonable and well supported by the Court's conclusions of fact and law. "It is well settled in this State that what constitutes a reasonable attorney's fee rests within the sound discretion of the trial court" and must "be supported by credible evidence" and "based on findings of fact and conclusions of law concerning" relevant factors. *Cook*, 832 So. 2d at 486-87 (citation omitted); *see Ford Motor Co. v. Tennin*, 960 So. 2d 379, 395-96 (Miss. 2007) ("Any award of attorney's fees and expenses should be supported with factual determinations by the trial court.").

For these reasons, Plaintiffs' claims for negligence, estoppel, detrimental reliance, punitive damages, and extra-contractual damages should be tried together in the second phase of a bifurcated trial.

---

[6] *See also Hamilton v. Hopkins,* 834 So. 2d 695, 700 (Miss. 2003) (reversing award of attorneys fees, holding "if attorney's fees are not authorized by the contract or by statute, they are not to be awarded when an award of punitive damages is not proper"); *Hearn v. Autumn Woods Office Park Prop. Owners Ass'n*, 757 So. 2d 155, 164 (Miss. 1999) ("When there is no contractual provision or statutory authority providing for attorney fees, they may not be awarded as damages unless punitive damages are also proper."); *Grisham v. Hinton*, 490 So. 2d 1201, 1205 (Miss. 1986) ("With the sole exception of punitive damages cases, in the absence of contractual provision or statutory authority therefor, this Court has never approved awarding trial expenses and attorney's fees to the successful litigant."); *Gardner v. Jones*, 464 So. 2d 1144, 1150 (Miss. 1985) ("Having held that the award of punitive damages may not stand as a matter of law, under the rule acceded to by [the plaintiff], the award of attorneys fees must fall as well.").

IV.  **Conclusion**

Accordingly, for all the foregoing reasons, State Farm, respectfully requests that this Court enter an *in limine* order bifurcating the trial of Plaintiffs' claims as follows:

1.  In phase one, the Court should determine whether Plaintiffs' loss was covered under the homeowners policy and, if so, the extent and value of covered damages, if any. The Court should also adjudicate the remaining portion of the declaratory relief claim, which is purely a matter of law.[7]

2.  If the covered damages are found in phase one, then the Court, in its role as "gatekeeper," should then conduct a separate evidentiary hearing, as required by Mississippi Code Section 11-1-65(1)(c), to determine whether the issues related to punitive damages should be submitted to the jury. If the Court determines that the issues related to punitive damages should be submitted to the jury, then in phase two, the Court should try Plaintiffs' alleged claims for punitive and extra-contractual damages. The Court should also try Plaintiffs' alleged claims for negligence, estoppel, and detrimental reliance in phase two.

Moreover, the Court should enter an order to limit the introduction of evidence in each phase in accord with the claims to be tried in each phase. In particular, the Court should exclude any evidence or reference to Plaintiffs' alleged claims arising from State Farm's claims handling, including claims for negligence, punitive damages, and extra-contractual damages prior to a determination that Plaintiffs are entitled to compensatory damages, if any.

---

[7] The Court granted partial summary judgment on the declaratory judgment claims. Jan. 6, 2010 Order [50] at 8-12.

14

Dated:  February 2, 2010

        Respectfully submitted,

        `/s/   H. Scot Spragins`
        H. SCOT SPRAGINS, MSB # 7748
        HICKMAN, GOZA
        & SPRAGINS, PLLC
        Attorneys at Law
        Post Office Drawer 668
        Oxford, MS 38655-0668
        (662) 234-4000
        *Attorneys for Defendant*
        *State Farm Fire and Casualty Company*

**CERTIFICATE OF SERVICE**

I, **H. SCOT SPRAGINS**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, February 2, 2010.

/s/ H. Scot Spragins
H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS  38655-0668
(662) 234-4000