IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES SPANSEL and JANET SPANSEL,

Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY
COMPANY, et al.,

Defendants.

No.: 1:08-CV-1516-LG-RHW

**STATE FARM FIRE AND CASUALTY COMPANY'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION *IN LIMINE* NO. 1 RE: PLAINTIFFS' WEALTH [67]**

State Farm Fire and Casualty Company ("State Farm") respectfully submits its response in opposition to Plaintiffs' motion *in limine* to exclude evidence of Plaintiffs' wealth. [67] Plaintiffs claim that evidence of their wealth is irrelevant at trial and would be otherwise inadmissible under Fed. R. Evid. 403. *Id.* at 1-2. Yet, Plaintiffs provide no explanation for their assertions and largely resort to formulaic recitation of objections. *See id.* As explained below, evidence of Plaintiffs' wealth is relevant and admissible in support of State Farm's defenses to several claims at issue. To exclude such evidence would be highly prejudicial to State Farm. Plaintiffs' motion should be denied in its entirety.

I. EVIDENCE OF PLAINTIFFS' WEALTH IS RELEVANT DURING THE COVERAGE PHASE OF TRIAL

Evidence of Plaintiffs' financial condition is probative of several elements of their coverage claim. For instance, State Farm denied Plaintiffs' claim for loss of use because the subject house was their vacation house, not where Plaintiffs resided. Loss of use coverage, therefore, does not apply. To exclude such evidence would prevent State Farm from showing the jury why it denied Plaintiffs' loss of use claim pursuant to the terms of the homeowners policy. Moreover, evidence of Plaintiffs' wealth is relevant to refute any allegations by Plaintiffs that their financial condition influenced their decision to accept flood insurance payments and not repair their property.[1] Accordingly, Plaintiffs motion to exclude evidence of their wealth should be denied.

Plaintiffs' financial condition is highly relevant to explain the basis for State Farm's denial of their loss of use claim. Plaintiffs seek the full limits of their homeowners insurance policy, including "full insurance coverage" for "loss of use" of their property. Compl. ¶ 144(a). Coverage for loss of use, however, applies only if Plaintiffs are unable to use their "residence premises," which is defined to be where Plaintiffs "reside." [35-5] (homeowners policy) at 100007, 100009-10. It is undisputed that the subject property was not where Plaintiffs' resided – it was their vacation home. *See, e.g.*, [35-2] (C.

---

[1] As discussed in State Farm's response in opposition to Plaintiffs' motion *in limine* no. 4, filed contemporaneously, Plaintiffs should not be permitted, under Fifth Circuit law, to explain away their judicial admission of accepting and retaining flood insurance payments. If Plaintiffs are permitted to do so, then State Farm should be permitted to refute their explanation.

Spansel Dep.) at 9:15-17. Indeed, when partially granting and denying summary judgment, the Court found that Plaintiffs are Louisiana residents whose two-story vacation home is the subject of this case. Jan. 6, 2009 Order [50] at 2.

Plaintiffs, however, seek to exclude all evidence of their wealth or financial condition. Plaintiffs' sweeping request would apparently include evidence that they own several houses and that they use the subject house as their vacation house. These facts, however, are central to why State Farm denied Plaintiffs' loss of use claim. To exclude such evidence would prevent State Farm from explaining to the jury why it denied Plaintiffs' claim, which would be highly prejudicial to State Farm. It would be akin to excluding evidence of flood damage for Plaintiffs' dwelling coverage claim. Plaintiffs present no argument or authorities that would justify this unjust result.

Moreover, evidence of Plaintiffs' wealth is relevant to rebut any claims by Plaintiffs that their financial condition influenced their decision to accept flood insurance payments and not repair their property. As State Farm has explained in its response in opposition to Plaintiffs' motion *in limine* no. 4, filed contemporaneously, Plaintiffs should not be permitted to explain away their judicial admission that their house and personal property sustained flood damage. If the Court permits them to do so, however, State Farm should also be permitted to refute their explanation. Thus, State Farm should be allowed to present evidence of Plaintiffs' financial condition to refute their allegation that they accepted flood insurance because of any financial pressure. The jury should be allowed to infer that, contrary to Plaintiffs' explanation, if any, Plaintiffs accepted and retained flood insurance payments because their house and personal property were flooded.

Furthermore, evidence of Plaintiffs' wealth is relevant and probative to refute any allegations by Plaintiffs that they did not rebuild or repair their house and personal property because of their financial condition. Since Plaintiffs' homeowners policy unambiguously requires Plaintiffs to rebuild or repair their house and personal property to qualify for replacement cost – a requirement that Judge Senter has

2

upheld and enforced, *Aiken v. Rimkus Consulting Group, Inc.*, No. 1:06CV741-LTS-RHW, Order at 2 (S.D. Miss. Nov. 29, 2007) [*Aiken* Doc. 278] (Senter, J.) (holding inadmissible any "reference to speculative replacement costs of Plaintiffs' dwelling that have not been incurred" because the effect would be "to nullify the clear and unambiguous terms of the subject insurance policy") – State Farm should be allowed to present evidence that Plaintiffs' financial condition enabled them to repair and rebuild their house and personal property.

Accordingly, evidence of Plaintiffs' wealth is probative and admissible for several elements of Plaintiffs' coverage claims.

II.   **EVIDENCE OF PLAINTIFFS' WEALTH IS HIGHLY PROBATIVE OF THEIR CLAIM FOR EMOTIONAL DISTRESS**

Plaintiffs' wealth is also relevant to refute Plaintiffs' extra-contractual claim for emotional distress. Plaintiffs allege that they sustained emotional distress arising from the financial loss from the adjustment of their insurance claim. Compl. ¶ 70. Under their theory, Plaintiffs allege that the denial of their insurance claim "placed them under enormous financial and emotional stress." *Id.* Yet, by their motion, Plaintiffs seek to exclude all evidence of their financial condition – the precise condition whose change allegedly caused their emotional distress. Stated otherwise, Plaintiffs claim that a financial loss caused their emotional distress but seek to exclude all evidence necessary to ascertain the extent of their financial loss. The jury may reasonably conclude, for example, that a financial loss to the wealthy person is less likely to cause emotional distress than a financial loss to an impecunious person. The jury should be permitted to decide if Plaintiffs' alleged financial loss actually caused emotional distress and not other causes, such as the Hurricane Katrina catastrophe. Evidence of Plaintiffs' financial condition is highly probative to show that their insurance claim was not the cause of any emotional distress. Plaintiffs should not be allowed to mislead the jury with an incomplete portrayal of the financial condition. To exclude such evidence would cause prejudice to State Farm.

This Court entered partial summary judgment for State Farm and dismissed Plaintiffs' claim for intentional infliction of emotional distress, an independent tort. Jan. 6, 2009 Order [50] at 14. The Court further noted that Plaintiffs' claim for emotional distress arising from State Farm's adjustment of their homeowners claim remained. *Id.* (citing *Universal Life Ins. Co. v. Veasley*, 610 So. 2d 290 (Miss. 1992)). In *Veasley*, the Mississippi Supreme Court sustained the plaintiff's emotional distress claim caused by a life insurance company's improper handling of her claim. "She testified that Universal's refusal to pay her claim caused her worry, nervousness, and depression." *Veasley*, 610 So. 2d at 292. The Court affirmed the emotional distress award, holding it was foreseeable that "the failure to pay a valid claim . . . should cause some adverse result to the one entitled to payment. Some anxiety and emotional distress would ordinarily follow, especially in the area of life insurance where the loss of a loved one is exacerbated by the attendant financial effects of that loss." *Id.* at 295.

Plaintiffs also seek emotional distress damages arising from State Farm's adjustment of their homeowners insurance claim and their alleged financial loss. Plaintiffs assert in their Complaint that State Farm's "refusal to compensate the Plaintiffs for their loss" caused emotional distress and "placed them under enormous financial and emotional stress." Compl. ¶ 70. Like the plaintiff in *Veasley*, Plaintiffs allege that a financial loss from the denial of the insurance claim caused their emotional distress. Yet, Plaintiffs have moved to exclude evidence of their "wealth" and "financial condition." [67] at 1. Plaintiffs should not be allowed to have it both ways. State Farm has the due process right to present "'every available defense.'" *Philip Morris v. Williams*, 549 U.S. 346, 358 (2007) (citation omitted).

State Farm should be permitted to defend against Plaintiffs' emotional distress claim by presenting evidence of their financial position. Not only would such evidence refute Plaintiffs' contention that a financial loss caused them extreme emotional distress, it would support State Farm's condition that emotional distress, if any, was caused by other things, including the Hurricane Katrina

4

catastrophe. The jury should be allowed to hear evidence of Plaintiffs' financial condition when weighing whether any financial loss actually caused Plaintiffs' emotional distress, if any. The jury may validly conclude that Plaintiffs' emotional distress, if any, is not due to actions by State Farm. Plaintiffs should not be allowed to present an incomplete portrayal of their wealth when they seek damages arising from a financial loss. Excluding evidence of Plaintiffs' financial condition would be highly prejudicial to State Farm and would improperly mislead the jury.[2]

### III. CONCLUSION

Accordingly, for the foregoing reasons, Plaintiffs' motion *in limine* should be denied in its entirety.

Dated: February 3, 2010

Respectfully submitted,

/s/  H. Scot Spragins
H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA
& SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

---

[2] Plaintiffs cite an inapposte case to attempt to support their motion. *See*[67] at 2 (citing *Sanford v. Ektelon/Prince Sports Group, Inc.*, 1999 WL 33544436 (D. Neb. Nov. 5, 1999)). That court excluded evidence of the defendant's wealth because of the risk that the jury would be biased against a foreign corporation with foreign affiliates. *Sanford*, 1999 WL 3354436, at *2. That case has no application to a homeowner insurance claim or an emotional distress claim.

5

**CERTIFICATE OF SERVICE**

I, **H. SCOT SPRAGINS**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, February 3, 2010.

                                              /s/  H. Scot Spragins
                                              H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS  38655-0668
(662) 234-4000