IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES SPANSEL and JANET SPANSEL                    PLAINTIFFS

VS.                              CIVIL ACTION NO.: 1:08CV1516-LG-RHW

STATE FARM FIRE AND CASUALTY CO.,
and JOHN DOES 1-10                                   DEFENDANTS

**STATE FARM'S RESPONSE IN OPPOSITION TO PLAINTIFFS'
SECOND MOTION *IN LIMINE*: TO EXCLUDE ANY AND ALL INFORMATION
REQUIRED BY RULE 26(a) NOT PROVIDED BY DEFENDANTS**

State Farm Fire and Casualty Company ("State Farm") respectfully submits this response in

opposition to Plaintiffs' Second Motion *In Limine*: To Exclude Any and All Information Required

by Rule 26(a) [68].

**Plaintiffs' Second Motion Is Improper and Outside the Purpose of a Motion *In Limine***

The purpose of a motion *in limine* is to prevent irrelevant, inadmissible, or prejudicial matters

from being admitted into evidence or to exclude evidence when its probative value is outweighed

by the danger of unfair prejudice.  75 Am. Jur. 2d Trial §39.  It also has the purpose to prevent an

opposing party from asking prejudicial questions, or introducing prejudicial evidence in front of the

jury without asking the trial court's permission, and to assure all parties a fair and impartial trial by

prohibiting inadmissible evidence, prejudicial statements, and improper questions by counsel.  *Id*.

Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has

developed pursuant to the district court's inherent authority to manage the course of trials.  *Luce v.*

*United States,* 469 U. S. 38 (1984).

Plaintiffs' motion is outside the purpose of a motion *in limine* because it fails to designate

the specific evidentiary issue before the court.  The motion is vague and excessively general as to

what evidence is sought to be excluded.  Instead of asking the court to preclude a certain evidentiary

issue from the trial, Plaintiffs seek to exclude "any and all information required by Rule 26 (a) not

provided by Defendants."  Plaintiffs fail to state whether the "any and all information" is irrelevant,

inadmissible, or prejudicial.  Simply put, Plaintiffs use the motion for the wrong purpose.

Plaintiffs' motion is premature.  Although Rule 26(a) provides that the parties "***must***, without

awaiting a discovery request, provide the other parties" certain information pursuant to the rule – a

rule Plaintiffs totally ignored by failing to produce Core Disclosures[1] – Plaintiffs will have an

opportunity to strike any undisclosed documents in the agreed Pre-Trial Order.  The Local Uniform

Civil Rules provide that "[i]f counsel cannot in good faith stipulate the authenticity or admissibility

of a proposed exhibit, the order must identify the same and state the precise ground of objection."

L. U. CIV. R. 16(j)(2)(G).  Therefore, Plaintiffs' motion *in limine* is a waste of the court's time as the

local rules already provide a vehicle to exclude evidence that was previously undisclosed.

For the foregoing reasons, this court should deny Plaintiffs' Motion in its entirety.

Dated:  3 February 2010

Respectfully submitted,

*/ s / H. Scot Spragins*
H. SCOT SPRAGINS, MSB #7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
Telephone: (662) 234-4000
*Attorneys for Defendant*

---

[1]To say that Plaintiffs were widely deficient in conducting discovery is an understatement.  Not only did Plaintiffs fail to provide State Farm with Core Disclosures, but also Plaintiffs failed to propound written discovery or notice depositions in this matter.

## <u>CERTIFICATE OF SERVICE</u>

I, **H. SCOT SPRAGINS**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, this the 3rd day of February, 2010.

*/s/ H. Scot Spragins*
**H. SCOT SPRAGINS**

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000