IN THE DISTRICT COURT UNITED STATES
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES SPANSEL
and JANET SPANSEL                                                                      PLAINTIFFS

V.                                                          CIVIL ACTION NO. 1:08cv1516 LG RHW

STATE FARM INSURANCE COMPANY,
STEVE SAUCIER, Individually and as Agent
of STATE FARM INSURANCE CO.,
and JOHN DOES 1-10.                                                                    DEFENDANTS

PLAINTIFFS' RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION *IN LIMINE* NO. 8

COME NOW the Plaintiffs, Charles and Janet Spansel, by and through undersigned counsel, and respectfully submit this Response in Partial Opposition to Defendants' Motion *in Limine* No. 8. Therein the Defendant seeks a ruling that Plaintiffs' acceptance and retention of flood insurance payments constitutes a binding admission that their house and personal property sustained flood damage at least equal to the amount of the flood insurance payments. In response, the Plaintiffs would respond as follows:

1. The Plaintiffs concede that as a matter of this Court's prior ruling of law payment under their flood insurance policy will offset any recovery under the Plaintiffs homeowners policy. The Court succinctly set forth the calculation In Waters v. Nationwide, Civil Action No. 1:07CV0471 LTS-RHW (S.D. Miss. Feb. 26, 2008)[1], setting forth that the calculation of benefits due under the policy is the

---

[1] Therein, the Court opined:

When a property owner has purchased both flood insurance coverage and wind damage coverage he is entitled to collect benefits under both policies to the extent he can prove that his property has been damaged by these two forces of nature. But, in the case of a total loss, his recovery is limited to the lower of two amounts: 1) the pre-storm value of his property, or 2) the limits of his applicable insurance coverage. Once a property owner recovers part of his loss, from either type of insurance, his total loss is offset to that extent.

value of the loss less prior insurance payments accepted, not to exceed the coverage amounts of the policy in question.

2.	In accord with Fed. R. Civ. P. 11, the Plaintiffs challenge this Court's rule of law that the acceptance of flood money constitutes an admission that the amount of flood damage is at least equal to the amount of flood insurance accepted.  See, *e.g.* Gemmil v. State Farm, Civil Action No. 1:05CV692 LTS-RHW (S.D Miss. March 15, 2007).  The Plaintiffs submit that the acceptance of the flood money does not constitute an admission under Mississippi law because the acceptance of the flood insurance money was on a different contract and did not occur in litigation. See, Harrison Enterprises, Inc. v. Trilogy Communications, Inc. 818 So.2d 1088, 1095 (Miss.,2002) ("The law does not regard estoppels with favor, nor extend them beyond the requirements of the transaction in which they originate); In re Municipal Boundaries of City of Southaven, 864 So.2d 912, 918. (Miss.,2003)(requiring that the "admission" have occurred in prior litigation).  The Plaintiffs are familiar with the Court's prior rulings, but preserve their challenge to the law herein.

3.	Anticipating the Court's ruling on the issue of the acceptance of the flood insurance money, the Plaintiffs respectfully submit that the Plaintiffs should be allowed to inquire and testify about the circumstances surrounding the acceptance of the flood insurance money at the proper phase of the trial.  This would include but should not be limited to the fact that the Defendant conducted a limited review of the flood damage and assessment (Ex. "A" *passim*) and the fact that flood insurance money was paid out by the federal government.  At the appropriate phase of trial, these issues will become relevant as to the Defendant's breach of its duty of good faith and fair dealing and it's negligent and wanton adjustment of the policy.

4.	Moreover, the Plaintiffs respectfully request that the Court consider its caution issued in Ross v. Metropolitan Property and Casualty Insurance, Civil Action No. 1:07-cv-521-LTS_RHW (S.D. Miss. Oct. 22, 2008).  Therein, the Court remarked:

> There is considerable danger of jury confusion if the issue of flood insurance is injected into the merits of the plaintiffs' wind claim, and I will not permit the parties to inquire regarding the amount of flood insurance the plaintiffs collected. I will consider any cautionary or limiting instruction either party may wish to request before the trial commences. Id.

While the Plaintiffs have lodged their objection with the rule of law as established by the Court, the Plaintiffs are fully aware of the rule and intend to frame their case accordingly with this Courts' consistent ruling that the acceptance of flood insurance proceeds constitutes an admission that there was flood damage to the property. However, the Plaintiffs believe that such an admission must be heard in context of the storm, including but not limited to the fact that the Defendants made no on-site investigation prior to making the flood insurance payments; that the Defendant conducted no interview with Charles Spansel at the time it prepared the estimate of damages relative to the flood surge; that the Defendant simply administered the claim for the federal government and the payments made were government money; that the Defendant received a payment of several thousand dollars for administering the flood insurance; and finally, that the Defendant's own activity logs demonstrate that the Defendant did not know the cause of the loss to be either wind or water.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants' Motion *in Limine* No. 8 should be denied in its entirety or in the alternative, that admission of evidence that the Plaintiffs accepted flood insurance be admitted in its entire context of the storm, its aftermath, the adjustment of the claim, and the fact that the flood insurance proceeds are monies derived from the federal government.

Respectfully submitted, this the 5th day of February, 2010.

                CHARLES SPANSEL and JANET SPANSEL


              By: *s/ Edward Gibson*
                 EDWARD GIBSON

OF COUNSEL:

John Hawkins, Esq., MSBar No. 9556
Edward Gibson, Esq., MS Bar No. 100640
Rose M. Hurder, Esq., MS Bar No. 103040
*HAWKINS, STRACENER & GIBSON, PLLC*
544 Main Street
Bay St. Louis, MS 39520
Ph.(228) 469-0785; Fx. (228) 466-9233

## **CERTIFICATE OF SERVICE**

I, Edward Gibson, hereby certify that on the 5th day of February, 2010, I caused to be served via the ECF filing system, a true and correct copy of the above and foregoing *Plaintiffs' Response to State Farm's Motion in Limine No. 8* which forwarded a copy to all counsel as indicated below:

       S. Scot Spragins, Esq.
       Hickman, Goza & Spragins, PLLC
       P.O. Drawer 668
       Oxford, MS 38655-0668

SO CERTIFIED, this the 5th day of February, 2010,

                                                *s/ Edward Gibson*
                                               EDWARD GIBSON