IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES SPANSEL and JANET SPANSEL,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, et al.,<br><br>Defendants. | No.: 1:08-CV-1516-LG-RHW |

**STATE FARM FIRE AND CASUALTY COMPANY'S
REPLY IN FURTHER SUPPORT OF ITS MOTION *IN LIMINE* NO. 2:
TO EXCLUDE TESTIMONY OR EVIDENCE
RELATING TO THE MARKET CONDUCT REPORT [59], [60]**

State Farm Fire and Casualty Company ("State Farm") respectfully submits this Reply in further support of its Motion *in Limine* No. 2 to preclude Plaintiffs and their counsel from introducing evidence, testimony, or argument relating or referring to the "Report of the Special Target Examination (Katrina Homeowner Claims)" commissioned by the Mississippi Department of Insurance ("Report"). [59], [60].

**I.   THE REPORT SHOULD BE EXCLUDED UNDER FEDERAL RULES OF EVIDENCE 402 AND 403**

Contrary to Plaintiffs' assertions, the Report does not establish that State Farm intentionally mishandled Plaintiffs' claim or that State Farm was "well aware" of any purported problems with Plaintiffs' claim.  *See* [81] at 2.  As State Farm has explained in its opening papers, the Report speaks entirely in general terms and contains no indication that any of the conduct is at all similar to any harm allegedly incurred by Plaintiffs.  *See generally* [60] at 2-9.  Nor is there any indication that Plaintiffs' homeowners claim was examined as part of the Report.  The examiners who prepared the Report looked only to a small, unrepresentative sample of State Farm's claims and warned that the limited data contained in the Report "***should not be extrapolated or applied to the entire population of claims.***" Report at 7 (emphasis added); *accord id.* at 12.  Thus, the findings in the Report cannot reliably show

any improper "pattern and practice." [81] at 2. Because the Report is far attenuated from the specific facts in this case, this Court should hold that it is not relevant under the Federal Rules of Evidence. *See* Fed. R. Evid. 402.

Plaintiffs acknowledge that Judge Senter has excluded the Report from evidence in other Hurricane Katrina cases. [60] at 1; *Bossier v. State Farm Fire & Cas. Co.*, 2009 WL 3281128, at *2 (S.D. Miss. Oct. 9, 2009) (excluding the Report); *Remel v. State Farm Fire & Cas. Co.*, 2009 WL 531862, at *2 (S.D. Miss. Mar. 2, 2009) (same); *Payment v. State Farm Fire & Cas. Co.*, 2008 WL 5381925, at *1 (S.D. Miss. Dec. 18, 2008) (same), *corrected by* Text Only Order (Dec. 18, 2008) (correcting error irrelevant to disposition). Yet, despite this weight of authority, Plaintiffs maintain that this case is somehow different. Plaintiffs are wrong. Here, just as in *Remel*, *Bossier*, and *Payment*, the Report does not relate to the specific facts of Plaintiffs' claims against State Farm and would improperly prejudice State Farm, confuse the issues, and mislead the jury. This Court should accordingly exclude the Report from trial.

Plaintiffs cite to only one case, *Carson v. Polley*, 689 F.2d 562 (5th Cir. 1983), to attempt to support their position. [81] at 5. That case, however, did not involve the Report and is readily distinguishable from this case. In *Carson*, the plaintiff sued police officers for various civil rights violations under state law and 28 U.S.C. § 1983. The plaintiff introduced a personnel evaluation record of an officer to show that that officer intended to assault and batter him. The Fifth Circuit held that such character evidence was admissible for the purpose of showing intent under Federal Rule of Evidence 404(b). *Id.* at 572-73. Critical to that holding, however, was the court's threshold determination that the record was relevant under Federal Rules of Evidence 402 and 403. *See id.* Here, the Report does not pass the relevance inquiry because it does not relate or pertain to Plaintiffs' specific claims in this case.

Nothing in the Report suggests that Plaintiffs' claim was mishandled at all – much less intentionally mishandled. In contrast, the record in *Carson* did contain evidence of the officer's intent,

which explains why the court found it relevant and admissible. *See* 689 F.2d at 573 (observing that the record documented "intentional hostility"). Here, however, there is no comparable evidence of intent in the Report with respect to Plaintiffs. Indeed, Plaintiffs do not – and cannot – cite to any portion of the Report to support their allegations that State Farm intentionally mishandled their claim. There is no such evidence. Instead, Plaintiffs simply rely on their unsubstantiated and conclusory assertions. Those do not suffice.

Plaintiffs also attempt to argue – without citing any authority – that the Report should be admitted at trial for impeachment. *See* [81] at 2. Plaintiffs predict that it is possible that a State Farm representative might testify at trial that he or she did not know that the Plaintiffs' particular claim was improperly adjusted, as Plaintiffs allege. *Id.* Plaintiffs believe that the Report should be admitted to challenge such testimony for two reasons.

First, as Plaintiffs assert, the Report somehow demonstrates that State Farm was "well aware of problems with [Plaintiffs'] particular claim . . . ." *Id.* But as State Farm has shown, the Report does not discuss or concern Plaintiffs' specific claim. *See* [60] at 2-9. Plaintiffs do not refute that point.

Second, as Plaintiffs argue, the fact that the Report was released in or around October 2008 somehow shows that State Farm knew about the alleged problems in its "claims handling process *in general* . . . as early as October of 2008" because it learned about them from the Report. [81] at 2 (emphasis added). It is unclear how or why that fact, even if true, is relevant to Plaintiffs' present case against State Farm. What is at issue in this case is how State Farm adjusted Plaintiffs' claim in late 2005. *See* [81] at 2-3. It does not matter, then, what State Farm might have learned about its general practices from the Report approximately three years after it adjusted Plaintiffs' claim. It is especially irrelevant because State Farm could not have learned anything from the Report about how it adjusted Plaintiffs' specific claim – an issue that was not examined or discussed in the Report. Thus, the Report is not relevant evidence for the impeachment purposes that Plaintiffs suppose.

3

Even if this Court finds (and it should not) that the Report is relevant, this Court should nevertheless exclude the Report because, as Judge Senter has repeatedly held, "*the probative value of [the Report] is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.*" *Bossier*, 2009 WL 3281128, at *2 (emphasis added) (excluding the Report under Federal Rule of Evidence 403); *Remel*, 2009 WL 531862, at *2 (same); *Payment*, 2008 WL 5381925, at *1 (same); [60] at 5-7. These dangers also substantially outweigh any alleged impeachment use to which Plaintiffs propose putting the Report. In their opposition, Plaintiffs have no answer to these Rule 403 objections to the Report, *see* [81] at 5, and effectively concede the issue. State Farm's motion, therefore, should be granted in its entirety.

## II.    THE REPORT IS NOT ADMISSIBLE TO SHOW REPREHENSIBILITY

Plaintiffs have not directly responded to State Farm's argument that the Report is not admissible to show reprehensibility and have not addressed any of State Farm's cited legal authorities. Although Plaintiffs generally argue that the Report somehow demonstrates "a pattern of wantonness if not willfulness," [81] at 5, this argument fails for at least two reasons.

First, as a factual matter, the Report does not contain any findings—explicit or implicit—with respect to State Farm's intent. Nor do Plaintiffs point to anything in the Report that establishes anything about State Farm's intent.

Second, as a matter of constitutional law, State Farm's "dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422-23 (2003); *accord In re Simon II Litig.*, 407 F.3d 125, 139 (2d Cir. 2005) ("[C]onduct relevant to the reprehensibility analysis must have a nexus to the specific harm suffered by the plaintiff."); *see* [60] at 7-8. The Report speaks in entirely general terms and contains no indication that any of the complained-of conduct is at all similar to State Farm's conduct toward Plaintiffs. To permit Plaintiffs to admit the Report to attempt to support their punitive damages

4

claim would violate State Farm's fundamental due process rights. The Report must therefore be excluded.

### III. THE REPORT IS INADMISSIBLE HEARSAY AND CONTAINS HEARSAY WITHIN HEARSAY

Plaintiffs claim that State Farm "has made no efforts to challenge the trustworthiness or reliability of the report" and has made "only a passing remark as to the hearsay of part or all of the report." [81] at 6. Plaintiffs are wrong. State Farm challenged the reliability of the Report on four out of the ten pages in its opening memorandum. *See* [60] at 6, 8-10. As State Farm explained in that opening brief, the Report is untrustworthy in part because it relies on data gathered from a limited and unrepresentative sample of State Farm's claims. *See id.* at 6, 9. Because the Report is untrustworthy, it does not satisfy the prerequisites for admission into evidence under the public-records exception. *See* Fed. R. Evid. 803(8)(C). Plaintiffs respond to none of these arguments and authorities.

Plaintiffs have also failed to respond to State Farm's argument that the Report contains multiple instances of hearsay within hearsay. Plaintiffs merely assert that "any statement of the Defendant contained within the report would not constitute hearsay as they are admission by the party opponent." [81] at 5. Although statements by a party are not inadmissible hearsay generally, the statements by State Farm representatives, to which Plaintiffs refer, appear *within* the Report, which is itself hearsay, and the Report does not fall within any of the hearsay exceptions. *See* [60] at 9. Plaintiffs also overlook the fact that the Report repeatedly quotes and paraphrases statements of non-State Farm personnel and from non-State Farm documents, which are out-of-court statements that do not fall under any hearsay exception. (*See, e.g.*, Report at 3, 13, 15, 17-19, 21-25, 29, 31, 38.) These and other hearsay statements within the Report must be excluded. *See* Fed. R. Evid. 805; [60] at 10.

IV.   **CONCLUSION**

For all the foregoing reasons, State Farm respectfully requests that this Court enter an Order *in limine* excluding any evidence, testimony, or argument relating or referring to the Report.

Dated:  February 8, 2010

                                                Respectfully submitted,

                                                `/s/   H. Scot Spragins`
                                                H. SCOT SPRAGINS, MSB # 7748
                                                HICKMAN, GOZA
                                                & SPRAGINS, PLLC
                                                Attorneys at Law
                                                Post Office Drawer 668
                                                Oxford, MS 38655-0668
                                                (662) 234-4000
                                                *Attorneys for Defendant*
                                                *State Farm Fire and Casualty Company*

**CERTIFICATE OF SERVICE**

I, **H. SCOT SPRAGINS**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, February 8, 2010.

                                                  /s/ H. Scot Spragins
                                                  H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000