IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES SPANSEL and JANET SPANSEL,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, et al.,<br><br>Defendants. | No.: 1:08-CV-1516-LG-RHW |

**STATE FARM FIRE AND CASUALTY COMPANY'S REPLY IN FURTHER SUPPORT OF ITS MOTION *IN LIMINE* NO. 6: TO EXCLUDE EVIDENCE REGARDING PROPERTIES OTHER THAN PLAINTIFFS' PROPERTY [64]**

State Farm Fire and Casualty Company ("State Farm") respectfully submits its reply in further support of its motion *in limine* no. 6 to exclude any evidence, testimony, or argument relating or referring to properties other than the one at issue here. [64]. Plaintiffs largely do not oppose State Farm's motion but instead seek "clarification" regarding photographs in their claim file and engineering reports on properties other than the Plaintiffs'. *Id.* As to all other issues, this Court should grant State Farm's motion as unopposed.

As to photographs in the claim file, State Farm does not object to the relevancy of these photographs because they shed light on what happened to Plaintiffs' property.

As for engineering reports, Plaintiffs do not contend that State Farm should be prevented from introducing engineering reports. *See* [87] at 2. It is anticipated that at trial Plaintiffs will attempt to challenge the reasons State Farm decided to cancel the engineering report for their property. Among other reasons, State Farm decided not to retain an engineer for Plaintiffs'

property because numerous other engineers had already studied the cause of damage to property in close proximity to Plaintiffs' property. Thus, State Farm would cite these engineering reports to show that it was not necessary for State Farm to obtain another one and to rebut Plaintiffs' contention of bad faith. Given that limited purpose, allowing these engineering reports is fully consistent with the order requested by State Farm in its moving papers.

Moreover, it would be prejudicial to State Farm if Plaintiffs were able to somehow prevent State Farm from explaining to the jury why it decided to cancel the original engineering assignment, especially since Plaintiffs seek punitive and extra-contractual damages for that decision. It would be entirely consistent to exclude evidence from properties other than the Plaintiffs' while allowing State Farm to introduce the existence of other engineering reports to rebut Plaintiffs' accusation of bad faith.

Accordingly, for these reasons and those in State Farm's opening papers, [64], this Court should grant State Farm's motion in limine in its entirety.

Dated: February 8, 2010

Respectfully submitted,

/s/  H. Scot Spragins
H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA
& SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

2

**CERTIFICATE OF SERVICE**

I, **H. SCOT SPRAGINS**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, February 8, 2010.

<u>/s/  H. Scot Spragins</u>

H. SCOT SPRAGINS