IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES SPANSEL and JANET SPANSEL,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, et al.,<br><br>Defendants. | No.: 1:08-CV-1516-LG-RHW |

**STATE FARM FIRE AND CASUALTY COMPANY'S REPLY
IN FURTHER SUPPORT OF ITS MOTION *IN LIMINE* NO. 7:
TO EXCLUDE THE WIND WATER CLAIM HANDLING PROTOCOL [65]**

State Farm Fire and Casualty Company ("State Farm") submits this reply in further support of its motion *in limine* no. 7: to preclude testimony or evidence relating to interpretation of insurance policy provisions or principles of Mississippi law and to exclude the wind water claim handling protocol. [65].

I.  **Plaintiffs Should Not Be Permitted to Introduce Evidence That the Wind Water Claims Handling Protocol Is Contrary to Their Homeowners Policy**

Plaintiffs agree that testimony regarding the policy language or Mississippi law would be inappropriate. [85] at 1. But in the next paragraph, Plaintiffs contradict their admission by defending evidence that State Farm's Wind Water Claims Handling Protocol "is contrary to the provisions of State Farm's policy." *Id.* Testimony about what is consistent with or contradicts State Farm's policy is precisely the kind of improper legal opinions that Judge Senter barred in *Tejedor*: "The interpretation of policy provisions is an issue of law and is within the province of the Court, not the jury." *Tejedor v. State Farm Fire & Cas. Co.*, 2007 WL 162180 at *3 (S.D. Miss Jan. 16, 2007). To opine on whether something contradicts Plaintiffs' homeowners policy

would require an interpretation of the policy, which involves questions of law that are reserved for the Court. Accordingly, the Court should preclude Plaintiffs, their counsel, and their witnesses, from contending that the Wind Water Claims Handling Protocol is contrary to Plaintiffs' homeowners policy.

II. **Evidence of the Wind Water Claims Handling Protocol Is Inadmissible in the First Phase of a Bifurcated Trial**

The Wind Water Claims Handling Protocol is irrelevant during the first phase of the trial to determine whether Plaintiffs' loss is covered under the policy language. The sole issues that are relevant to that determination are the cause of damage to Plaintiffs' property and what the homeowners policy states. Protocols and guidelines cannot change whether wind or flood caused Plaintiffs' losses or whether those losses are covered by the policy. Thus, protocols and guidelines, including the Wind Water Claims Handling Protocol, should be excluded from the first phase of a bifurcated trial.

Indeed, the Mississippi Supreme Court has held that issues and evidence of coverage must be introduced in a separate phase of trial from issues and evidence of claims handling. "[T]he clear intent of the legislature was to prevent issue confusion and to create a barrier between testimony regarding the fundamental issue of liability and the inflammatory issue of egregious conduct." *Hartford Underwriters Ins. Co. v. Williams*, 936 So. 2d 888, 897 (Miss. 2006).[1] To allow testimony or evidence regarding the Wind Water Claims Handling Protocol during the first phase of the trial would breach that strict "barrier." Such testimony or evidence would also improperly prejudice State Farm, confuse the issues, and mislead the jury. *See* Fed.

---

[1] State Farm has separately moved for a bifurcated trial and respectfully incorporates and reasserts those arguments herein. [57], [58], [72], [73].

2

R. Evid. 403. State Farm acknowledges that Judge Senter has previously admitted the Wind Water Claims Handling Protocol into evidence and, for that and other reasons, submitted a punitive damages claim to the jury, but the Fifth Circuit reversed that decision on appeal. *Broussard v. State Farm Fire & Cas. Co.*, 2007 WL 268344, at *2 (S.D. Miss. Jan. 31, 2007), *rev'd*, 523 F.3d 618, 627-30 (5th Cir. 2008). Plaintiffs neither recognize nor respond to this decision by the Fifth Circuit.

In sum, the fundamental issues in the first phase of a bifurcated trial are separable in law and in fact from the manner in which State Farm handled Plaintiffs' claim. Therefore, any testimony or evidence relating to State Farm's policies and the Wind Water Claims Handling Protocol must be limited to a second phase of the trial, if any.

### III. Evidence of Internal Guidelines and Protocols Are Inadmissible in Later Phases of Trial

State Farm's policies and procedures are also not admissible in later phases of trial, including regarding Plaintiffs' claims for extra-contractual and punitive damages. State Farm policies are not the basis upon which extra-contractual and punitive damages claims are determined. *See, e.g., Liberty Mut. Ins. Co. v. McKneely*, 862 So. 2d 530, 535 (Miss. 2003) (insurers "are simply required to perform a prompt and adequate investigation and make a reasonable, good faith decision based on that investigation"). Plaintiffs contend that State Farm's guidelines are somehow probative of whether its investigation was legally adequate, but Plaintiffs ignore contrary Mississippi law on that point.

As the Fifth Circuit explained in *Broussard*, "[t]o qualify for punitive damages for negligent claim investigation, 'the level of negligence in conducting the investigation must be such that a proper investigation by the insurer would easily adduce evidence showing its defenses to be without merit.'" *Id.* at 630 (citation omitted); *see also McKneely*, 862 So. 2d at 534

3

(the plaintiff must prove that the insurer's "level of negligence in conducting the investigation [was] such that a proper investigation by the insurer 'would easily adduce evidence showing its defenses to be without merit.'") (citation omitted). "In other words, [plaintiffs] must show 'that further investigation would undercover evidence that would have undermined at least the arguable merit' of State Farm's defenses." *Broussard*, 525 F.3d at 630 (citation omitted). Thus, Mississippi law does not measure an adequate claims investigation according to State Farm's procedures but by whether *further* or *a different* investigation would have easily adduced evidence that would have undermined State Farm's conclusions. The Wind Water Claims Handling Protocol would not show whether further investigation would have easily adduced evidence that was contrary to State Farm's claims decision. That document, therefore, is not relevant to Plaintiffs' punitive and extra-contractual damages claims.

Plaintiffs further cite *Bankers Life and Casualty Co. v. Crenshaw*, to show that an insurer's procedures are relevant to the adequacy of an investigation. 483 So. 2d 254 (Miss. 1986). Yet, *Crenshaw* did not apply the more recent legal test articulated by the Mississippi Supreme Court in *McKneely* and the Fifth Circuit in *Broussard*. Thus, the continued applicability of *Crenshaw* on the legal adequacy of an insurer's investigation is dubious.

Accordingly, for these reasons and those set forth in State Farm's moving papers, [85], this Court should grant State Farm's motion in its entirety.

Dated: February 8, 2010

                                  Respectfully submitted,

                                  `/s/   H. Scot Spragins`
H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA
& SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

5

**CERTIFICATE OF SERVICE**

I, **H. SCOT SPRAGINS**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, February 8, 2010.

<u>/s/  H. Scot Spragins</u>

H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS  38655-0668
(662) 234-4000

Case 1:08-cv-01516-LG-RHW     Document 94     Filed 02/08/2010     Page 7 of 7