IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES SPANSEL and JANET SPANSEL,

Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY
COMPANY, et al.,

Defendants.

No.:  1:08-CV-1516-LG-RHW

STATE FARM FIRE AND CASUALTY COMPANY'S REPLY
IN FURTHER SUPPORT OF ITS MOTION *IN LIMINE* NO. 8:
FOR A RULING THAT PLAINTIFFS' ACCEPTANCE AND RETENTION OF FLOOD
INSURANCE PAYMENTS CONSTITUTES A BINDING ADMISSION THAT AT LEAST
THAT AMOUNT OF FLOOD DAMAGE OCCURRED TO PLAINTIFFS' PROPERTY [66]

State Farm Fire and Casualty Company ("State Farm") respectfully submits this reply

memorandum in further support of its motion *in limine* no. 8:  for a determination that Plaintiffs'

acceptance and retention of flood insurance payments constitutes a binding admission that their house

and personal property sustained flood damage at least equal to the amount of the flood insurance

payments.  [66].

Plaintiffs' acceptance and retention of flood insurance payments is a binding judicial admission

by them that damage in the amount of those payments was in fact caused by flood.  *See, e.g., McIntosh

v. State Farm Fire & Cas. Co.*, 2008 WL 1776409, *2 (S.D. Miss. Apr. 14, 2008) (Senter, J.) ("[T]he

plaintiffs' receipt of flood insurance benefits constitutes a judicial admission that flood damage occurred

and precludes the plaintiffs' denying that at least the amount of damage represented by the flood

insurance payment was caused by flooding."); *see also Mills v. State Farm Fire & Cas. Co.*, 2007 WL

1514021, at *5 (S.D. Miss. May 21, 2007); [66] (citing additional authorities); [76] (same).  Moreover,

Fifth Circuit precedent prohibits a party from attempting to contradict a judicial admission.  A judicial

admission is "conclusive" and "binding on the party making [it]."  *Martinez v. Bally's La., Inc.*, 244 F.3d

474, 476-77 (5th Cir. 2001) (citation omitted).  It "has the effect of withdrawing a fact from contention" and *may not be "controverted or explained by the party who made it."  Id.* (emphasis added).

Plaintiffs, in their response, cite Mississippi state law on estoppel generally.  [86] at 2.  None of those cases, however, discuss a federal flood insurance policy or the federal practice of judicial estoppel.  Federal flood insurance and judicial estoppel are governed by federal law, not Mississippi law.  *See, e.g.*, *Zedner v. United States*, 126 S. Ct. 1976, 1987 (2006) (judicial estoppel); *Khan v. Hakim*, 201 F. App'x 981 (5th Cir. 2006) (same); *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005) (federal flood insurance).

Nonetheless, Plaintiffs argue that they should be allowed to "inquire and testify about the circumstances surrounding the acceptance of the flood insurance money," specifically that State Farm "conducted a limited review of the flood damage and assessment."  [86] at 2.  As an initial matter, Plaintiffs have brought no claims disputing their flood insurance adjustment by State Farm.  Any evidence or testimony contesting the merits of their flood insurance claim would be irrelevant to the issues in this case.  Moreover, Plaintiffs' argument contradicts Fifth Circuit precedent that prohibits a party from contradicting a judicial admission.  *See, e.g.*, *Martinez*, 244 F.3d at 476-77.

Plaintiffs also fail to recognize that State Farm's investigation of their flood insurance claim was regulated by federal law and the Federal Emergency Management Agency ("FEMA"), which mandated that insurers conduct a limited assessment of damages to expedite the handling of the extraordinary number of flood claims in the aftermath of Hurricane Katrina.  FEMA, Hurricane Katrina – Flood Claim Handling Standards 1 (Sept. 21, 2005), *available at* http://www.nfipbureau.fema.gov/pdf/bulletin/w-05054.pdf.  FEMA established a process to be applied where, as here, it had "been determined that the structure has been washed off its foundation by flood water" (*e.g.*, a "slab" claim) and the "square foot measurements are known."  *Id.*  That process set forth the method for "handling of losses *without a site*

*visit.*"  *Id.* at 1 & Ex. A at 3 (emphasis added).  Thus, State Farm's adjustment of their flood claim not only comported with federal law, and Plaintiffs have alleged no claim contending otherwise.

Plaintiffs also cite a decision by Judge Senter in which the court cautions that evidence of the "amount of flood insurance the plaintiffs collected" may be confusing to the jury.  [66] at 3.  State Farm respectfully submits that the amount of flood insurance Plaintiffs collected is highly probative to the central issue of the cause of damage to Plaintiffs' house and personal property.  That probative value far outweighs any countervailing factors under Rule 403.  In this case, State Farm adjusted Plaintiffs' flood claim, computed the dollar value of the flood damage to specific portions of their house and items personal property, and paid Plaintiffs the maximum flood limits.  To prevent State Farm from telling the jury that State Farm paid for flood damage to specific portions of Plaintiffs' house, such as their roof and paid for flood damage to Plaintiffs' personal property would be highly prejudicial to State Farm.  The jury would be left with the incorrect assumption that Plaintiffs received nothing for damage to their property, including their roof, and with the incorrect inference that State Farm ignored the damage to their property.  Moreover, when adjusting Plaintiffs' homeowners insurance claim, State Farm reasonably relied on the information it gathered during its adjustment of Plaintiffs' flood insurance claim.  Plaintiffs should not be permitted to prevent State Farm from explaining to the jury how it arrived at its coverage decisions for specific losses to Plaintiffs' property.  Recognizing these principles, Judge Senter correctly held that if a plaintiff seeks homeowners coverage for damage to specific parts of a house or personal property items that were already paid under a flood policy, then the insurer may raise the flood insurance payments on cross-examination:

> To the extent the payment of flood insurance benefits can be tied–through [plaintiffs'] testimony or the documents in the [insurer's] claims file–directly to specific items of personal property or to specific damage to the plaintiffs' dwelling, I regard these damages as fair grounds for cross examination if the plaintiffs' claim includes these items or this specific property for which [the insurer] paid flood benefits.  I will allow the defendants to cross-examine on these points, and I will rely on the jury to heed my cautionary instruction.

*Ross v. Metro. Prop. & Cas. Ins. Co.*, No. 1:07cv521-LTS-RHW, [147], slip op. at 2 (S.D. Miss. Oct. 22, 2008).

Plaintiffs also seek to contest their acceptance of flood insurance payments based on "the fact that flood insurance money was paid out by the federal government." [86] at 2. That is precisely the point. That Plaintiffs applied for, received, and have retained federal flood insurance payments is the basis for their judicial admission that their house sustained at least $148,400 in flood damage and their personal property sustained at least $100,000 in flood damage. Plaintiffs are charged with knowledge of the flood insurance policy because the National Flood Insurance Program "is a federally-administered program supported by funds drawn from the federal treasury," and "the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds." *Wright*, 415 F.3d at 388 (citing *Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 63 (1984)); *accord Richmond Printing LLC*, 72 F. App'x 92, 97-98 (5th Cir. 2003); *see Eaker v. State Farm Fire & Cas. Ins. Co.*, 216 F. Supp. 2d 606, 616-17 (S.D. Miss. 2001).

Allowing Plaintiffs to renege or contest their unqualified acceptance of flood insurance payments would improperly introduce collateral claims and issues in this case, would be unfairly prejudicial to State Farm, and would confuse the jury regarding the binding nature of their judicial admission. Plaintiffs should not be permitted by the Court to apply for and accept $248,000 in federal flood insurance payments and then deny the very basis for those payments. This is the purpose of judicial estoppel: to "'protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment'" and "playing fast and loose" with the Court. *Khan*, 201 F. App'x at 984 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)). Accordingly, for these reasons and those in State Farm's opening papers, [86], this Court should grant State Farm's motion *in limine* no. 8 in its entirety.

Dated:  February 8, 2010

Respectfully submitted,

/s/  H. Scot Spragins

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA
& SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I, **H. SCOT SPRAGINS**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, February 8, 2010.

/s/  H. Scot Spragins
H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS  38655-0668
(662) 234-4000